BRADFORD v FEEBACK

Docket No. 82070. Submitted December 10, 1985, at Grand Rapdis.—
Decided February 5, 1986.

Clifford and Mary Feeback invited several guests to their home
for a communion party for two of their grandchildren. Some of
the invited children began playing in a wooded area behind the
Feeback's house and one child, Mickole Bradford, was struck in
the eye by a stick thrown by another child, John Van Aelst. As
a result, Mickole Bradford suffered the total and permanent
loss of sight in that eye. Mickole's parents, Patrick and Therese
Bradford, filed suit against Clifford and Mary Feeback, among
others, in the Kent Circuit Court alleging that the Feebacks
had a duty to Mickole to supervise and watch over the children
to protect them from harm or to warn them of any dangerous
condition and the risks involved. Plaintiffs further alleged that
defendants were negligent in failing to exercise reasonable care
to make conditions safe for the children by removing dangerous
objects and articles from behind their home when they knew
that the conditions as they existed posed an unreasonable risk
of harm and that defendants were negligent in failing to warn
Mickole and his parents of the dangerous conditions behind
their home when they knew or should have known that such
conditions involved an unreasonable risk of harm to Mickole
and the other children. Defendants Feeback moved for sum-
mary judgment on the ground that plaintiffs had failed to state
a cause of action upon which relief could be granted. The court,
Robert A. Benson, J., agreed and entered judgment in favor of
defendants Feeback. Plaintiffs appealed. *Held:*

1. Plaintiffs and Mickole were social guests invited onto
defendants' property. Social guests are licensees, and defen-
dants therefore had a duty of reasonable care to make condi-
tions safe on the property or to warn the licensees of any
dangerous condition and the risk involved. That duty does not

References

Am Jur 2d, Premises Liability §§ 46, 51-54, 74-86, 131-135, 145.
Modern status of rules conditioning landowner's liability upon
status of injured party as invitee, licensee, or trespasser. 22
ALR4th 294.

include the duty to pick up sticks and twigs which naturally fall from trees on their property, especially where the trees are 200 to 300 feet behind their house. A guest is expected to take the premises as the possessor himself uses them and is not entitled to expect that the premises will be prepared for his reception or that precautions will be taken for his safety in any manner in which the possessor does not prepare or take precautions for his own safety or that of the members of his family.

2. As a matter of public policy, property owners should not be charged with the duty of supervising and controlling children of guests who have been invited onto their property.

3. The trial court properly granted defendants Feebacks' motion for summary judgment.

Affirmed.

1. WORDS AND PHRASES — LICENSEES — SOCIAL GUESTS.

A licensee is a person who, other than for a business purpose, enters another's land with the express or implied permission of the owner or person in control of the land; a social guest is a licensee.

2. NEGLIGENCE — POSSESSORS OF LAND.

A possessor of land is liable for physical harm caused to a licensee by a condition of the property only if the possessor knew or had reason to know of the condition, realized that an unreasonable risk of harm to the licensee was involved, expected that the licensee would not discover the danger, failed to exercise reasonable care to make the conditions safe or to warn the licensee of the condition and risk involved, and the licensee did not know or have reason to know of the condition and risk involved.

3. NEGLIGENCE — POSSESSORS OF LAND — DUTY.

A guest is expected to take the premises as the possessor himself uses them and is not entitled to expect that they will be prepared for his reception or that precautions will be taken for his safety in any manner in which the possessor does not prepare or take precautions for his own safety or that of the members of his family.

4. NEGLIGENCE — PROPERTY OWNERS — MINORS.

Property owners, as a matter of public policy, should not be charged with the duty of supervising and controlling children of guests who have been invited onto the property.

*Sprik & Andersen, P.C.* (by *Dale R. Sprik)*, for plaintiffs.

*Nelson & Krueger, P.C.* (by *Steven L. Kreuger)*, for defendants.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiffs appeal from a December 3, 1984, order granting defendants' motion for summary judgment pursuant to GCR 1963, 117.2(1). We affirm.

On May 1, 1983, defendants-appellees Clifford and Mary Feeback (defendants) hosted a communion party for two of their grandchildren at their Comstock Park residence. Defendants invited guests Patrick and Therese Bradford (plaintiffs), their son Mickole Bradford, defendant Louis Van Aelst and his wife Helen, their son John Van Aelst, and others. Mickole Bradford and other children began playing in a wooded area behind defendants' home and, after entering the woods, defendant John Van Aelst began tossing what plaintiffs refer to as "wooden projectiles" at the other children. The "wooden projectiles" were sticks that had fallen off trees.

Mickole was injured when one of the sticks thrown by John Van Aelst bounced off a tree and struck him in the left eye. Mickole sustained serious injury to the left eye, including detachment of the retina, a lacerated cornea and iris, a cataract, and a total and permanent loss of sight in the eye.

Plaintiffs alleged that defendants, having invited and encouraged the presence of numerous infants

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

and children on the premises and having permitted them to play in the wooded area behind their home, had a duty to Mickole to supervise and watch over the children in order to protect them from harm or to warn them of any dangerous conditions and the risk involved. Plaintiffs alleged that defendants were negligent in failing to exercise reasonable care to make conditons safe for the children by removing dangerous objects and articles from behind their home when they knew that the conditions as they existed posed an unreasonable risk of harm. Plaintiffs further alleged that defendants were negligent in failing to warn Mickole and his parents of the dangerous conditions behind their home when they knew or should have known that such conditions involved an unreasonable risk of harm to Mickole and the other children.

Defendants filed a motion for summary judgment under GCR 1963, 117.2(1), alleging that plaintiffs had failed to state a cause of action upon which relief could be granted. A hearing on the motion was held and at the conclusion the court granted defendants' motion for summary judgment.

Plaintiffs and Mickole were invited onto defendants' property as social guests. Defendants' liability must, therefore, be examined under a licensee analysis. SJI2d 19.01 defines a "licensee" as "a person who, other than for a business purpose, enters another's land with the express or implied permission of the owner or person in control of the land. A social guest is a licensee, not an invitee".

In *Preston v Sleziak,* 383 Mich 442, 453; 175 NW2d 759 (1970), the Court, quoting 2 Restatement Torts, 2d, § 342, p 210, set forth the duties which occupiers of land owe their licensees:

" 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

" '(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

" '(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

" '(c) the licensees to not know or have reason to know of the condition and the risk involved.' "

Defendants did not breach the duty of reasonable care owed to plaintiffs and Mickole, who were licensees. Defendants' duty to exercise reasonable care does not include the duty to pick up sticks and twigs which naturally fall from trees on their property. The wooded area where the accident occurred was admitted by plaintiffs to be 200-300 feet behind defendants' home.

In *Preston, supra,* p 451, the Court, quoting 2 Restatement Torts, 2d, § 330, Comment h, p 175, stated that there is a common understanding that a guest is expected to take the premises as the possessor himself uses them and does not expect, and is not entitled to expect, that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for his own safety or that of the members of his family.

Finally, plaintiffs allege that defendants had a duty to supervise and control the children of guests invited onto the property. However, plaintiffs cite no authority to support this argument. Further, as a matter of public policy, property owners should not be charged with the duty of

supervising and controlling children of guests who have been invited onto the property.

Plaintiffs have failed to state a claim on which relief can be granted, and the lower court properly granted defendants' motion for summary judgment pursuant to GCR 1963, 117.1(1).

Affirmed.