DeBOARD v FAIRWOOD VILLAS CONDOMINIUM ASSOCIATION

Docket No. 126229. Submitted November 12, 1991, at Detroit. Decided
January 15, 1992; approved for publication March 11, 1992, at
9:00 A.M.

Michael DeBoard brought an action in the Oakland Circuit Court
against Fairwood Villas Condominium Association and others,
seeking damages for injuries sustained when he tripped over a
warped board on the deck of a condominium maintained by the
association while he was a social guest of the owners. The
court, John N. O'Brien, J., granted the defendants' motion for
summary disposition on the basis of unrebutted evidence that
the plaintiff was fully aware of the defective condition of the
deck before he fell. The plaintiff appealed.

The Court of Appeals *held:*

Summary disposition was proper because there was no genu-
ine issue of fact that the plaintiff was aware of the defect
before he fell.

1. A landowner owes a licensee a duty to warn of any hidden
dangers that are known or there is reason to know of only if
the licensee does not know or has no reason to know of the
condition and the dangers involved.

2. Where, as in this case, the licensee is an adult, the fact
that the defective condition is obvious is sufficient to apprise
the licensee, as fully as the possessor, of the full extent of the
risk involved. Given the plaintiff's knowledge of the board
protruding four or more inches from the deck, no reasonable
person could conclude that he was unaware of the danger of
tripping over it.

Affirmed.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull,
P.C.* (by *Michael J. Piatek* and *Kenneth L. Ranci-
lio*), for Michael DeBoard.

*Jacobs & Miller* (by *James J. Raftery*), for Fair-
wood Villas Condominium Association and Metro
Group Management Corporation.

*Lizza & Mulcahy, P.C.* (by *David M. Lawson*), for William and Lisa Boyer.

Before: Weaver, P.J., and Michael J. Kelly and Marilyn Kelly, JJ.

Per Curiam. This case arose when plaintiff, Michael DeBoard, tripped over a warped board on the deck of his sister's condominium fracturing his hip. The complaint named Fairwood Villas Condominium Association, which maintains the condominium, and Metro Group Management Corporation as defendants. DeBoard's sister and brother-in-law, William and Lisa Boyer, were later added as third-party defendants. The circuit court granted defendants' motion for summary disposition because of unrebutted testimony that plaintiff was fully aware of the deck's defective condition before he fell. MCR 2.116(C)(10).

On appeal, plaintiff claims that a genuine issue of material fact existed as to whether he appreciated the danger and risk of harm. He alleges, also, that the trial court erroneously invoked the doctrine of contributory negligence to bar him from relief. We affirm the grant of summary disposition.

It is undisputed that plaintiff was a social guest, a licensee, in the Boyers' home when the accident occurred. The parties also agree that the duty of care that a premises owner owes to a licensee is accurately stated in SJI2d 19.06:

> A possessor of premises is liable for physical harm caused to a licensee by a condition on the premises if, but only if—
> a. the possessor knew or should have known of the condition and should have realized that it involved an unreasonable risk of harm to the licensee, and should have expected that he would not discover or realize the danger; *and*
> b. the possessor failed to exercise reasonable

care to make the condition safe, or to warn the
licensee of the condition and the risk involved; *and*

   c. *the licensee did not know or have reason to
know of the condition and the risk involved.* [Emphasis added.]

Similarly, our Supreme Court has stated that a
"landowner only owes a licensee a duty to warn
the licensee of any hidden dangers he knows or
has reason to know of, if the licensee does not
know or has no reason to know of the dangers
involved." *Wymer v Holmes,* 429 Mich 66, 71, n 1;
412 NW2d 213 (1987). See also *Forche v Gieseler,*
174 Mich App 588, 597; 436 NW2d 437 (1989); 2
Restatement Torts, 2d, § 342, p 210.

In the instant case, the trial court granted defendants' motion, because deposition testimony
showed that plaintiff was made aware of the defect
in the deck the day before he tripped on it. We
agree that there existed no genuine issue of fact
on this issue and that summary disposition was
therefore proper. MCR 2.116(C)(10); *Farm Bureau
Mutual Ins Co v Stark,* 437 Mich 175, 184-185; 468
NW2d 498 (1991).

Andrea Resnick testified that, the day before the
accident, she and plaintiff looked out the window
at the deck and noticed a board "sticking up" four
to six inches. She commented to plaintiff that the
deck was the sloppiest carpentry job she had ever
seen, and plaintiff agreed. Resnick's deposition was
never contradicted, and plaintiff's counsel conceded that plaintiff was aware of the defect.

Plaintiff's counsel argues, however, that there
was no testimony that plaintiff realized the danger
posed by the deck's condition. In situations such as
this one, where the licensee is an adult, "the fact
that the [defective] condition is obvious is usually
sufficient to apprise [the licensee], as fully as the

possessor, of the full extent of the risk involved." 2 Restatement Torts, 2d, § 342, comment b, p 210. Given plaintiff's knowledge of the board protruding four or more inches from the deck, no reasonable person could conclude that he was unaware of the danger of tripping over it. Accordingly, summary disposition was properly granted. *Stark, supra.*

Plaintiff argues that the trial court erroneously applied the abandoned doctrine of contributory negligence to bar plaintiff from recovering. He is incorrect. The trial court granted summary disposition because, under the facts of this case, defendants had no duty to warn plaintiff of the defect in the deck. The court's decision had nothing to do with damages or contributory and comparative negligence.

Affirmed.