PIGEON v RADLOFF

Docket No. 167638. Submitted October 4, 1995, at Escanaba. Decided
February 13, 1996, at 9:00 A.M. Leave to appeal denied, 451
Mich —.

Kenneth Pigeon, a minor, by his next friend, Nikki Frailing,
brought an action in the Iron Circuit Court against Scott and
Marilyn Radloff, and others, seeking damages for injuries sus-
tained when Pigeon, who was fifteen years old, dove into the
Radloff's aboveground swimming pool. Pigeon had been invited
to swim in the pool by the Radloffs' son, but Scott and Marilyn
Radloff were not home when the accident occurred. The court,
John D. Payant, J., granted summary disposition for the defen-
dants. The plaintiff appealed with regard to the order granting
summary disposition for the Radloffs.

The Court of Appeals *held:*

1. The trial court erred in granting summary disposition for
the Radloffs.

2. A landowner's duty to a licensee depends on whether the
licensee is an adult or a child. A landowner's duty to a child
social guest is to exercise reasonable or ordinary care to pre-
vent injury to the child. The trial court accurately stated the
duty owed by a landowner to an adult licensee to be that the
premises owner owes no duty to warn the adult licensee of an
open and obvious danger. The trial court, however, failed to
recognize that a landowner owes a higher duty to a child
licensee. Because the plaintiff was a child licensee, the issue
whether Scott and Marilyn Radloff had a duty to warn the
plaintiff of the dangers associated with the use of the pool
should have been submitted to the jury rather than decided by
the court as a matter of law.

3. When a child licensee is injured by something that is or
may be an open and obvious danger to an adult, summary
disposition based on the rule that a landowner does not have a
duty to warn an adult licensee of an open and obvious danger
is inappropriate unless the trial court can say from the undis-

REFERENCES

Am Jur 2d, Premises Liability §§ 159, 247, 248.
See ALR Index under Premises Liability.

puted evidence that all reasonable persons would agree that the child licensee did or could have been expected to realize the risk involved. Here, the trial court could not say that all reasonable persons would agree that the plaintiff did or could have been expected to realize the full extent of the risks involved in diving into the swimming pool. The granting of summary disposition was improper as a matter of law.

4. Summary disposition of the plaintiff's claim regarding negligent failure to supervise was inappropriate. The plaintiff's complaint was sufficient to state a claim upon which relief can be granted for breach of the duty to exercise reasonable or ordinary care to prevent injury to the plaintiff because the Radloffs' duty of care may have included the duty to supervise the plaintiff's use of their pool. The jury should have been permitted to make the determination.

Reversed and remanded.

SAWYER, P.J., dissenting, stated that clear precedent would favor the defendant landowners if this were a case regarding products liability or premises liability involving an adult plaintiff. There is no reason to distinguish this case merely because the plaintiff is a minor. The more relevant question concerns the need or duty to supervise the minor plaintiff while the child is on the premises. This case leads to the conclusion that parents have a duty to supervise their own children or determine that they are of sufficient age and maturity to no longer need such supervision. The responsibility lies with the parents, not the premises owner. Only where the premises owner has assumed responsibility for supervising an unaccompanied child is the premises owner liable for any negligent supervision. The evidence does not show that Scott and Marilyn Radloff agreed to supervise Kenneth Pigeon. Summary disposition was appropriate.

1. NEGLIGENCE — PREMISES LIABILITY — CHILD LICENSEES — ADULT LICENSEES — DUTY TO WARN.

A landowner's duty to warn a licensee depends on whether the licensee is an adult or a child; the landowner's duty to an adult licensee is to warn of open and obvious danger; the landowner's duty to a child licensee is to exercise reasonable or ordinary care to prevent injury to the child.

2. NEGLIGENCE — PREMISES LIABILITY — CHILD LICENSEES — OPEN AND OBVIOUS DANGERS — DUTY TO WARN.

Summary disposition based on the rule that a landowner has no duty to warn an adult licensee of open and obvious dangers is inappropriate as a matter of law in a case where a child

licensee is injured by something that is or may be an open and obvious danger to an adult, unless the trial court can say from the undisputed evidentiary facts that all reasonable persons would agree that the child licensee did or could have been expected to realize the risk involved; generally it is a question for the jury to determine whether a child licensee appreciates the full extent of the risk involved with an open and obvious danger.

*Fisher & Omdahl* (by *Torger G. Omdahl* and *Geoffrey C. Lawrence*), for the plaintiff.

*Geissler, Dean & O'Dea, P.C.* (by *Timothy M. Dean* and *Frederick K. Geissler*), for Scott and Marilyn Radloff.

Before: Sawyer, P.J., and Murphy and W. G. Schma,* JJ.

Murphy, J. Plaintiff appeals as of right a trial court order granting summary disposition in favor of defendants Scott and Marilyn Radloff (defendants) pursuant to MCR 2.116(C)(8), failure to state a claim upon which relief can be granted. We reverse and remand.

Defendants' son invited Kenneth Pigeon (plaintiff) to swim in defendants' aboveground swimming pool at their residence. Plaintiff dove into the pool and sustained neck and spinal cord injuries that rendered him a quadriplegic. Plaintiff was fifteen years old when the accident occurred. Defendants were not home at the time of the accident.

Plaintiff filed suit against defendants as well as the manufacturer and distributor of the pool. The manufacturer and distributor moved for summary disposition, and the trial court granted the motions. Plaintiff does not appeal those orders. The complaint against Scott and Marilyn Radloff al-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

leged negligence in failing to warn plaintiff of the danger posed by the pool and in failing to supervise plaintiff's use of the pool. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), and the trial court granted the motion.

The duty a possessor of land owes to those who come upon the land turns on the status of the visitor. *Stanley v Town Square Cooperative,* 203 Mich App 143, 146; 512 NW2d 51 (1993). Plaintiff was a social guest of defendants and was therefore a licensee. *Bradford v Feeback,* 149 Mich App 67, 70; 385 NW2d 729 (1986). A landowner's duty to a licensee depends on whether the licensee is an adult or a child. In *Preston v Sleziak,* 383 Mich 442, 453; 175 NW2d 759 (1970), the Supreme Court adopted the duty specified in 2 Restatement Torts, 2d, § 342, p 210, as the duty that a landowner owes to an adult licensee:

> [I]n this jurisdiction the adult social guest is to be viewed as a licensee.
> The duty which occupiers of land owe their licensees is best expressed by 2 Restatement of Torts (2d), § 342, p 210:
> "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
> "(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
> "(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
> "(c) the licensees do not know or have reason to know of the condition and the risk involved."

However, as this Court noted in *Klimek v Drzewiecki,* 135 Mich App 115, 119; 352 NW2d 361

(1984), "the rule stated in *Preston* was expressly limited to *adult* social guests." In *Klimek,* this Court held that a landowner's duty to a child social guest is "to exercise reasonable or ordinary care to prevent injury to the child." *Id.,* 120.

In this case, we must decide whether the trial court properly granted summary disposition with regard to plaintiff's claims that defendants were negligent in failing to warn plaintiff of the dangers associated with using their aboveground swimming pool and that defendants were negligent in failing to supervise plaintiff's use of the pool.

We first address plaintiff's claim that the defendants were negligent in failing to warn him. Relying on *Glittenberg v Doughboy Recreational Industries (On Rehearing),* 441 Mich 379; 491 NW2d 208 (1992), defendants argue that they had no duty to warn plaintiff of the open and obvious dangers associated with the use of their aboveground swimming pool. *Glittenberg* was a products liability case involving an aboveground swimming pool. The open and obvious danger rule has also been applied in a premises liability case involving an adult invitee. *Riddle v McLouth Steel Products Corp,* 440 Mich 85; 485 NW2d 676 (1992); *Novotney v Burger King Corp (On Remand),* 198 Mich App 470; 499 NW2d 379 (1993). A panel of this Court recently extended *Glittenberg's* open and obvious danger rule to minors in a products liability case, holding that the manufacturer and distributor of an aboveground swimming pool had no duty to warn a minor of the open and obvious dangers associated with the use of such a pool. *Mallard v Hoffinger Industries, Inc,* 210 Mich App 282; 533 NW2d 1 (1995). Furthermore, another panel of this Court has held that a premises owner owes no duty to warn an adult licensee of an open and obvious danger. *DeBoard v Fairwood Villas*

*Condominium Ass'n,* 193 Mich App 240; 483 NW2d
422 (1992). While these cases have addressed issues
similar to the issue presented in this case, we are
aware of no Michigan case that addresses the
precise issue in this case: whether summary dispo-
sition based on *Glittenberg's* open and obvious
danger rule is appropriate when a landowner fails
to warn a *child* licensee of an open and obvious
danger.

In granting defendants' motion for summary
disposition, the trial court cited the duty owed by
a landowner to an adult licensee as stated in
*Preston, supra.* Citing *Glittenberg,* the trial court
ruled that summary disposition was appropriate.
The trial court's opinion accurately stated the
duty owed by a landowner to an adult licensee, but
failed to reflect that a landowner owes a higher
duty to a child licensee. *Klimek, supra,* 120. The
trial court's failure to recognize the distinction
between the duty owed by a landowner to an adult
license and the duty owned by a landowner to a
child licensee is significant with respect to whether
summary disposition based on *Glittenberg's* open
and obvious danger rule was appropriate. Under
the circumstances of this case, we conclude that
because plaintiff was a child licensee, the issue
whether defendants had a duty to warn plaintiff of
the dangers associated with the use of the pool
should have been submitted to the jury rather
than decided by the trial court as a matter of law.

The comment accompanying 2 Restatement
Torts, 2d, § 342, p 210, provides, in relevant part:

> *b.* If the licensees are adults, the fact that the
> condition is obvious is usually sufficient to apprise
> them, as fully as the possessor, of the full extent of
> the risk involved in it.
>
> On the other hand, *the possessor should realize*

*that the fact that a dangerous condition is open to the perception of child licensees may not be enough to entitle him to assume that they will appreciate the full extent of the risk involved therein.* [Emphasis added.]

The question, then, is whether plaintiff appreciated the full extent of the risk involved in diving into defendants' swimming pool. We do not believe that there is a specific age at which every child can be said to understand and appreciate the full extent of any particular risk as a matter of law. In *Taylor v Mathews,* 40 Mich App 74, 91-92; 198 NW2d 843 (1972), this Court stated the following in the context of a fifteen-year-old trespasser who was injured when he dove into an abandoned gravel pit and struck his head on the bottom:

> We are constrained to rule, absent a presentation of undisputed facts, that there is no fixed age at which a child does and can be expected to realize any particular risk, as a matter of law.[3] We believe the best rule is to judge each case upon its own merits and in the instant case until the plaintiffs have been given the opportunity to present their case, a proper result cannot be assured.

> [3] Unless the judge can say from the undisputed evidentiary facts that all reasonable men would agree that the plaintiff, Delmar Taylor, whose age was 15 years at the time of the occurrence did or could have been expected to realize the risk involved in diving into the gravel pit, the issue must be submitted to a jury.

We believe that this analysis is equally applicable in the context of a child licensee. Accordingly, we hold that when a child licensee is injured by something that is or may be an open and obvious danger to an adult, summary disposition based on *Glittenberg's* open and obvious danger rule is inappropriate as a matter of law unless the trial court

can say from the undisputed evidentiary facts that all reasonable persons would agree that the child licensee did or could have been expected to realize the risk involved. It is therefore generally a question for the jury to determine whether a child licensee appreciates the full extent of the risk involved with an open and obvious danger. Here, the trial court could not say that all reasonable persons would agree that plaintiff did or could have been expected to realize the full extent of the risks involved in diving into the swimming pool. Accordingly, the trial court improperly granted summary disposition as a matter of law.

We note that this rationale could apply equally to a products liability case involving a child, such as *Mallard, supra.* Arguably, if a landowner is not entitled to assume that a child will appreciate the full extent of the risk involved in an open and obvious danger, then a manufacturer should not be entitled to make such an assumption either. The panel in *Mallard* concluded with little explanation that *Glittenberg's* open and obvious danger rule applies to children in a products liability suit. Although we question the holding in *Mallard,* we believe that a premises case involving a child is distinguishable from a products liability case involving a child because a landowner is closer to the situation and has the opportunity to exercise greater control and oversight over a situation involving children and open and obvious dangers on his property.

We also conclude that summary disposition of plaintiff's claim regarding negligent failure to supervise was inappropriate. In granting summary disposition of this claim, the trial court cited *Bradford, supra.* In *Bradford,* a panel of this Court stated, "as a matter of public policy, property owners should not be charged with the duty of

supervising and controlling children of guests who have been invited onto the property." *Id.,* 71-72. We conclude that the trial court's reliance on *Bradford* was erroneous because, in this case, plaintiff himself was the guest, and there is no indication from the record that plaintiff's parents were present to supervise him, which presumably was the rationale for the public-policy holding in *Bradford.* Accordingly, this case is distinguishable from *Bradford.*

As previously stated, defendants had a duty to exercise reasonable or ordinary care to prevent injury to plaintiff. *Klimek, supra,* 120. Here, plaintiff's complaint was sufficient to state a claim upon which relief can be granted for breach of that duty because defendants' duty of care may have included the duty to supervise plaintiff's use of their pool. Furthermore, we note that a jury ordinarily decides questions of reasonable care. *Scott v Harper Recreation, Inc,* 444 Mich 441, 448; 506 NW2d 857 (1993). We therefore conclude that the jury should have been permitted to determine whether defendants' failure to supervise plaintiff constituted a breach of their duty to exercise reasonable or ordinary care to prevent injury to plaintiff.

Reversed and remanded.

W. G. SCHMA, J., concurred.

SAWYER, P.J. *(dissenting).* I respectfully dissent.

The majority makes a valiant effort to distinguish this case from the controlling opinions of this Court and the Supreme Court. However, its reasoning is nevertheless fatally flawed. This case involves two issues: (1) the applicability of the open and obvious danger doctrine to the premises liability claim and (2) the viability of the negligent supervision claim. With respect to both issues, the

majority appears to concede that had plaintiff been an adult, summary disposition would have been appropriate. The majority, however, argues that because plaintiff was a minor, his claims remain viable. I disagree.

There is no doubt that were plaintiff an adult, the open and obvious danger doctrine would preclude recovery on the premises liability claim. The Supreme Court has held, in the context of a products liability case, that the open and obvious danger doctrine precludes recovery for dangers associated with the use of an aboveground swimming pool. *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379; 491 NW2d 208 (1992). Furthermore, the Supreme Court has extended the open and obvious danger doctrine to premises liability cases, *Riddle v McLouth Steel Products Corp*, 440 Mich 85; 485 NW2d 676 (1992). Additionally, this Court has held that the open and obvious danger doctrine applies to minors in products liability cases, specifically an aboveground swimming pool case. *Mallard v Hoffinger Industries, Inc*, 210 Mich App 282; 533 NW2d 1 (1995). Thus, there is clear precedent favoring defendants were this a products liability case or a premises liability case involving an adult plaintiff. The majority, however, believes this case is distinguishable because it is a premises liability case involving a minor plaintiff, a permutation that apparently has not yet been decided by this Court.

I fail to see any reason to distinguish this case merely because plaintiff is a minor. In *Mallard, supra* at 285-286, this Court explained why the open and obvious danger doctrine, in the context of a products liability case, applies to children as well as adults:

Because the determination of the obvious nature

of the danger is an objective one that focuses on
the typical pool user, and because it is not neces-
sary that the user understand the precise nature
of every possible injury that might result from
diving into an above-ground pool, we are unable to
distinguish this case from *Glittenberg* on the basis
of the victim's age. We tend to agree with defen-
dant Pool Town's comment that, if a child is
capable of understanding a warning, the danger-
ous condition would be obvious to the child, ren-
dering the warning unnecessary. Conversely, if the
condition is not obvious to the child, then a warn-
ing would likely be of little use.

This reasoning is as applicable to premises lia-
bility cases as it is to products liability cases. That
is, in either case, if the minor is sufficiently imma-
ture to appreciate the dangerous condition, he is
also sufficiently immature to appreciate the warn-
ing.

The more relevant question, I believe, is the
need or duty to supervise the minor while on the
premises. This is the basis of plaintiff's second
claim, the lack of adequate supervision by defen-
dants while plaintiff was on the property and
using the pool. This is admittedly a stronger argu-
ment for plaintiff than the premises liability
claim, but one that, I believe, nevertheless must
fail. The majority dismisses the trial court's reli-
ance on *Bradford v Feeback,* 149 Mich App 67, 70;
385 NW2d 729 (1986), noting that *Bradford* in-
volved the children of guests and not children who
were guests. The majority notes that in *Bradford,*
the parents of the children were the guests them-
selves of the premises owner and, therefore, were
in a position to supervise their own children di-
rectly and did not need to rely upon the premises
owner to do so. This, however, begs the question in
this case regarding whether plaintiff was sufficient-
ly immature as to need supervision.

As the majority acknowledges in its opinion, plaintiff was not invited to the property by defendants, but, rather, by their son. The majority further acknowledges that defendants were not even home at the time of the accident.

Thus the majority would impose liability on defendants for failure to supervise a guest not invited by themselves and who was allowed to come to their home and swim unsupervised by his own parents.[1] Furthermore, plaintiff points to no evidence that he obtained permission to go to defendants' home to swim contingent upon a promise by defendants to supervise him once he arrived. That is, defendants would certainly be liable for a failure to supervise plaintiff had they voluntarily assumed a duty to do so. But plaintiff points to no evidence that such a duty was voluntarily assumed.

In short, I believe that the lesson to be learned from *Bradford, supra,* is not that social guests have a responsibility to supervise the children they bring with them. Rather, it is that parents have a duty to supervise their own children, or determine that their children are of sufficient age and maturity to no longer need such supervision. In either event, the responsibility lies with the parent, not the premises owner. When a minor visits the home of another person, three possible situations exist: (1) the minor has been allowed to go there unsupervised, (2) the parents accompany the child and supervise him, or (3) the parents do

---

[1] We do not know whether plaintiff was given permission by his parents to go to defendants' home to swim or whether he went there without permission. I do not believe, however, that that affects the analysis. Either plaintiff's parents concluded that plaintiff did not need supervision or they failed to supervise plaintiff adequately to prevent him from going without permission. In either event, the responsibility for the supervision or lack of supervision rests with the parent, not the homeowner.

not accompany the child, but allow the child to go only with the understanding that there will be a responsible adult, such as the premises owner, present to supervise the child because the parents have determined the child is still in need of supervision. In my view, it is only under this third condition, where the premises owner has assumed responsibility for supervising the unaccompanied child, that the premises owner owes a duty to supervise the minor guest and is liable for any negligent supervision.

In the case at bar, plaintiff points to no evidence to establish that defendants agreed to supervise the minor. Plaintiff points to no explicit promise by defendants that they would supervise the child, nor is there anything implicit in defendants' conduct that implies an agreement to supervise the child, inasmuch as they were neither present in the home at the time nor did they themselves invite the minor.[2]

For the above reasons, I would conclude that the trial court correctly granted summary disposition for defendants and I would affirm.

---

[2] For example, if a premises owner were to call the parents of a seven-year-old child and invite the child over to swim in the pool with the premises owner's own seven-year-old child, it is reasonable to conclude that there is an implied promise by the premises owner to supervise the visiting seven-year-old child, though perhaps prudent parents would clarify the nature of the supervision to make sure it is safe to allow their seven-year-old child to attend the pool party. The facts of this case, however, do not give rise to such an implied promise to supervise.