*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MCCARTY JI LIANG, by Next Friend MEI
SHAW,

        Plaintiff-Appellee,

v

GUANG HUI LIANG and G. LIANG, INC., doing
business as CHAN'S CHINESE RESTAURANT,
INC.,

        Defendants-Appellants.

FOR PUBLICATION
May 16, 2019
9:15 a.m.

No. 341010
Wayne Circuit Court
LC No. 17-008903-NO

Before: MURRAY, C.J., and SAWYER and REDFORD, JJ.

MURRAY, C.J.

We granted defendants', Guang Hui Liang (Liang) and G. Liang, Inc., doing business as Chan's Chinese Restaurant, Inc. (Chan's), application for leave to appeal[1] to consider whether Liang is entitled to parental immunity from the claims brought against him by his son, plaintiff McCarty Ji Liang, for an injury plaintiff suffered at Liang's business. For the reasons that follow, we hold that parental immunity bars the negligence-based claims against Liang, but that the immunity doctrine has no bearing on the premises liability claim against the corporate entity. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises from the injuries suffered by plaintiff at Chan's, his father Liang's restaurant.[2] Plaintiff, who was five years old at the time, arrived at Chan's between 9:30 p.m.

---

[1] *Liang v Liang*, unpublished order of the Court of Appeals, entered April 17, 2018 (Docket No. 341010).

[2] Liang was the sole owner, operator, and employee of Chan's, a takeout restaurant generally open between 11:00 a.m. and 11:00 p.m.

-1-

and 10:00 p.m. with his mother, Guo Ying Cao, to surprise Liang for Father's Day. Although Chan's operated as a takeout restaurant only, it had a full dining room in the front where plaintiff and Cao waited while Liang prepared for closing by cleaning and prepping food for the next day. When Cao walked away to inform a customer at the takeout window that Chan's had closed for the night, plaintiff wandered out of the dining area and into a room that housed the restaurant's industrial meat grinder. The room, separated from the kitchen, was near the bathroom, and the meat grinder was plugged in on the floor. Plaintiff attempted to operate the meat grinder, but caught and injured his hand in the machine, ultimately requiring amputation of his hand.

In his suit against defendants, plaintiff alleged common-law negligence, negligent infliction of emotional distress (NIED), and premises liability. In lieu of an answer, defendants moved for summary disposition of the complaint pursuant to MCR 2.116(C)(7) and (8), asserting entitlement to parental immunity from plaintiff's claims. Plaintiff responded by arguing that parental immunity could not shield Chan's, a corporate entity, from liability, and that his complaint did not allege negligent supervision as Liang was acting in a business capacity at the time of the injuries. Further, plaintiff asserted that parental immunity did not apply to his premises liability claim because property owners owe a heightened duty of care to licensees. Ultimately, the trial court denied defendants' motion, holding that parental immunity could not shield defendants from liability because Liang was acting as a business owner when plaintiff's injuries occurred, and had a duty to plaintiff as an invitee on the property.

## II. ANALYSIS

We first address defendants' argument that the trial court erred when it concluded that parental immunity did not bar plaintiff's claims against Liang. We agree and hold that, notwithstanding the fact that plaintiff's injuries occurred at Chan's, Liang's business, Liang was entitled to parental immunity.

"This Court reviews de novo a trial court's decision to deny a motion for summary disposition." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by immunity granted by law." *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). When deciding the motion, "a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party." *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 234; 874 NW2d 715 (2015). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id.* (quotation marks and citations omitted).

## A. PARENTAL IMMUNITY

Michigan courts had for many decades recognized the doctrine of parental immunity, which prohibited a minor from suing her parent in tort. See *Elias v Collins*, 237 Mich 175, 177; 211 NW 88 (1926), overruled by *Plumley v Klein*, 388 Mich 1, 8; 199 NW2d 169 (1972). The *Elias* Court stated that the doctrine was created at common law to serve "the interest of the peace of the family and of society, and is supported by sound public policy." *Elias*, 237 Mich at 177. In 1972, however, the doctrine was redefined and limited, and was expressed as permitting "[a] child [to] maintain a lawsuit against his parent for injuries suffered as a result of the alleged

ordinary negligence of the parent," except "(1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Plumley*, 388 Mich at 8.

In *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 143-144; 923 NW2d 894 (2018), our Court recently set out the current standards governing the application of the parental-immunity doctrine:

> Although parents undoubtedly have a duty to supervise their children, the law generally does not allow children to recover damages from their parents for a breach of this duty. In particular, "[a]t common law, a minor could not sue his or her parents in tort." The Michigan Supreme Court generally abolished intra-family tort immunity in *Plumley*, holding that a child could maintain a lawsuit against his or her parents for an injury resulting from a parent's negligence. However, the *Plumley* Court retained two exceptions to this rule, concluding that parental immunity remained:
>
> > (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.
>
> A claim for negligent parental supervision of a child falls within the first *Plumley* exception, meaning that a parent is granted immunity and a child may not sue a parent for negligent supervision. [Citations omitted.]

See also *Vandonkelaar v Kid's Kourt, LLC*, 290 Mich App 187, 196; 800 NW2d 760 (2010) (MURRAY, J., dissenting) ("Although parents traditionally enjoyed immunity from suit by their minor child should they breach the duties owed to the child, the modern rule is that a child may sue his parents for negligence. *Plumley*, 388 Mich at 8. An exception to this rule in Michigan, however, extends immunity to parents 'where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.' " *Id.*). The pivotal question for resolution here is whether the allegations against Liang fall within the first *Plumley* exception.

"In determining whether a defendant was exercising reasonable parental authority, the question is not whether the defendant acted negligently, but whether the alleged act reasonably fell within one of the *Plumley* exceptions," *Phillips v Deihm*, 213 Mich App 389, 395; 541 NW2d 566 (1995), and this Court has repeatedly held that a claim for negligent parental supervision falls under the first exception, *Paige v Bing Constr Co*, 61 Mich App 480, 484; 233 NW2d 46 (1975) ("A parent's exercise of authority over his or her child involves more than discipline. It includes the providing of instruction and education so that a child may be aware of dangers to his or her well being."); *McCallister v Sun Valley Pools, Inc*, 100 Mich App 131, 139; 298 NW2d 687 (1980); *Goodwin*, 325 Mich App at 144.

Consequently, this Court has applied the parental-immunity doctrine where a child died from injuries sustained after falling into a man-made hole on a construction site, *Paige*, 61 Mich App at 481, a 15-year-old boy injured himself diving into his family's swimming pool, *McCallister*, 100 Mich App at 133, a seven-year-old girl shot herself with a loaded gun while on a fishing trip with her father, *Wright v Wright*, 134 Mich App 800, 803; 351 NW2d 868 (1984), and a child injured himself on a dirt bike given to him by his father, *Haddrill v Damon*, 149 Mich App 702, 703-704; 386 NW2d 643 (1986).

We see no meaningful distinction between the cases cited above and the circumstances and claims at issue here. Despite plaintiff's efforts to plead in avoidance of parental immunity, the gravamen of his complaint consists of claims grounded in negligent supervision. See *McCallister*, 100 Mich App at 139 ("The gravamen of plaintiff's pleadings can only be construed as an action for negligent parental supervision."). Specifically, plaintiff alleged in his complaint that Liang failed to secure the meat grinder, protect him from the foreseeable risk of harm posed by the dangerous meat grinder, and warn him of the danger. These allegations focus exclusively on Liang's alleged failure to properly supervise plaintiff by preventing him from roaming, unsupervised, into a separate room that led to his injuries, or to instruct plaintiff regarding apparent dangers on the premises. These actions (or inactions) fall squarely within the first *Plumley* exception.

That the injury occurred at Liang's business does not alter our conclusion. Neither this Court nor the Supreme Court has recognized a business exception to the applicability of parental immunity. What is dispositive under *Plumley* and its progeny is that plaintiff is suing his father for injuries that occurred as a result of his alleged failure to supervise. Since plaintiff's allegations against Liang are grounded in negligent supervision, they fall under the first *Plumley* exception no matter where the alleged negligent supervision occurred. Accordingly, Liang was entitled to parental immunity,[3] and the trial court erred when it denied summary disposition of plaintiff's claims against Liang.[4]

## B. PREMISES LIABILITY

On the other hand, the trial court properly denied summary disposition of plaintiff's premises liability claim against Chan's. Although plaintiff alleged both ordinary negligence and premises liability against Chan's, we analyze the allegations under the premises liability framework only because "plaintiff's injur[ies] arose from an allegedly dangerous condition on the land," *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254

---

[3] Chan's, of course, is not entitled to parental immunity. See *Wayne Oakland Bank v Adam's Rib*, 48 Mich App 144, 146-147; 210 NW2d 121 (1973), where this Court held that parental immunity could not shield a partnership from liability for the negligence of a partner.

[4] The existence of liability insurance does not alter our conclusion. As stated in *McCallister*, 100 Mich App at 142, "it must be concluded that the presence of liability insurance alone is insufficient to justify the abrogation of parental immunity where the exercise of reasonable parental authority over the child is involved."

(2012), the meat grinder, and Chan's liability arose solely from its "duty as owner, possessor, or occupier of [the] land," *id*.

Defendants argue that plaintiff's claims against Chan's are barred as a matter of law because Chan's did not have a duty to supervise plaintiff while he was under Cao's supervision. "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). When deciding a motion brought under MCR 2.116(C)(8), a court considers only the pleadings. MCR 2.116(G)(5); *Maiden*, 461 Mich at 119-120. The motion "may be granted only where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Maiden*, 461 Mich at 119, quoting *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992).

As defendants assert, "property owners generally owe no duty to supervise minor children of guests on their property." *Wheeler v Central Mich Inns, Inc*, 292 Mich App 300, 305; 807 NW2d 909 (2011); see also *Stopczynski v Woodcox*, 258 Mich App 226, 236-237; 671 NW2d 119 (2003); *Bradford v Feeback*, 149 Mich App 67, 71-72; 385 NW2d 729 (1986). However, this rule applies only to claims of ordinary negligence. *Wheeler*, 292 Mich App at 304-305. *Bradford*, like this case, involved both failure-to-supervise ordinary negligence and premises liability claims, and the Court applied the rule to the ordinary negligence claim only. *Bradford*, 149 Mich App at 70-72.

In the context of premises liability, the law imposes on landowners the duty to take "reasonable or ordinary care to prevent injury" to child licensees from dangerous conditions on the land. *Bragan v Symanzik*, 263 Mich App 324, 329; 687 NW2d 881 (2004) (quotation marks and citation omitted). Because defendants do not dispute that plaintiff was a licensee[5] of Chan's on the night of his injuries, thus imposing on them a duty to take reasonable care to prevent his injury, and the rule that property owners owe no duty to supervise minor children applies only to claims of ordinary negligence, we hold that the denial of summary disposition of plaintiff's premises liability claim under MCR 2.116(C)(8) was appropriate. The claim is not "so clearly

---

[5] "A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent," and the category generally includes social guests. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). "An 'invitee' is a person who enters upon the land of another upon an invitation which carried with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception," and the term generally applies to those entering a property for business purposes. *Id*. at 596-597 (quotation marks and citation omitted; alterations in original). As plaintiff entered Chan's as a social guest of Liang's, he would be considered a licensee for premises liability purposes, something defendants do not argue against. Regardless, premises owners owe a heightened duty of care to child invitees, as well. *Bragan*, 263 Mich App at 333.

unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden*, 461 Mich at 119 (quotation marks and citation omitted).[6]

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ James Robert Redford

---

[6] Defendants do not raise any argument with regard to plaintiff's NIED claim against Chan's.