## MALLARD v HOFFINGER INDUSTRIES, INC

Docket No. 166095. Submitted December 14, 1994, at Detroit. Decided March 14, 1995; approved for publication April 27, 1995, at 9:15 A.M. Leave to appeal sought.

Charles J. Mallard, for himself and as conservator for Charles E. Mallard, a minor, and Donna Mallard brought two negligence actions in the Wayne Circuit Court against Hoffinger Industries, Inc., and Pool Town Distributing, Inc., after the minor was paralyzed when he dove into an above-ground swimming pool and hit his head. The pool had been manufactured by Hoffinger and distributed by Pool Town. In one action the plaintiffs alleged that the defendants failed to satisfy a duty to warn of dangers associated with the pool, and in the other action the plaintiffs alleged defective design of the pool. The court, J. Phillip Jourdan, J., consolidated the actions and granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court did not err in summarily dismissing the claim regarding duty to warn. *Glittenberg v Doughboy Recreational Industries (On Rehearing),* 441 Mich 379 (1992), in which it was held that a manufacturer or seller of above-ground pools has no duty to warn of potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection, applies to any user regardless of whether the user is an adult or a minor. The shallowness of water in above-ground pools, which makes diving into them dangerous, presents an open and obvious danger for which a manufacturer or seller has no duty to warn.

2. The plaintiffs have abandoned the claim regarding defective design by failing to cite supporting authority in their appeal.

Affirmed.

Products Liability — Above-Ground Pools — Duty to Warn.

An above-ground pool is a simple product whose manufacturer or

References
Am Jur 2d, Products Liability § 734.
Products liability: swimming pools and accessories. 6 ALR4th 492.

seller has no duty to warn users, regardless of whether the users are adults or minors, of potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection.

*Ronald R. Gilbert* and *Roth & Dean* (by *Sanford Roth*), for Charles J. Mallard and Donna Mallard.

*Harvey, Kruse, Westen & Milan, P.C.* (by *George W. Steel* and *Michael J. Guss*), for Hoffinger Industries, Inc.

*Vandeveer Garzia, P.C.* (by *Dennis B. Cotter* and *Hal O. Carroll*), for Pool Town Distributing, Inc.

Before: CORRIGAN, P.J., and CAVANAGH and L. C. ROOT,* JJ.

PER CURIAM. Plaintiffs in this products liability case appeal as of right from an order granting summary disposition for defendants. We affirm.

Plaintiff Charles Edward Mallard was tragically paralyzed after he dived into his neighbors' above-ground swimming pool and hit his head. At the time, he was thirteen years and eleven months old.

Plaintiffs filed suit against the neighbors, alleging improper supervision, and against defendant, Hoffinger Industries, Inc., the pool manufacturer, and defendant Pool Town Distributing, Inc., the pool distributor, alleging violation of their duty to warn. Pursuant to a consent judgment, the neighbors were dismissed from the action. Defendants Hoffinger and Pool Town filed motions for summary disposition, which were granted.

Meanwhile, plaintiffs moved to amend their complaint to allege defective design. The motion was denied, whereupon plaintiffs filed a new com-

* Circuit judge, sitting on the Court of Appeals by assignment.

plaint raising a claim of defective design. The new complaint was consolidated with the original complaint, and summary disposition was again granted for defendants with respect to the defective design count. This appeal followed.

Plaintiffs first contend that the trial court erred in granting summary disposition for defendants with respect to the duty-to-warn claim. They assert that the "open and obvious danger" rule expressed in *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379; 491 NW2d 208 (1992), does not apply to minors. We disagree.

*Glittenberg* was a consolidation of three cases in which adults were paralyzed after diving into above-ground pools. The Supreme Court held that above-ground pools are simple products regarding which the manufacturer has no duty to warn of potentially dangerous conditions or characteristics that are readily apparent or visible upon casual inspection. *Id.* at 385.

The Court engaged in a lengthy discussion of the scope of a manufacturer's duty to warn, and stated that, in general, a manufacturer or seller has no duty to warn of open and obvious dangers associated with an otherwise nondefective product. *Id.* at 390. With respect to warnings of the obvious danger of "simple products," there is no duty to tell people what they already know. In other words, no duty exists where the consumer is in as good a position as the manufacturer to gauge the dangers associated with the product. *Id.* at 391.

The Court clarified that whether a product-connected danger is "obvious" is an objective determination. "The focus is the typical user's perception and knowledge and whether the relevant condition or feature that creates the danger associated with use is fully apparent, widely known, commonly

recognized and anticipated by the ordinary user or consumer." *Id.* at 391-392.

The Court held that above-ground pools are simple products, because no one can mistake them for anything other than large containers of water that sit upon the ground, all of whose characteristics and features are readily apparent or easily discernible upon casual inspection. *Id.* at 399. It reasoned that the condition that creates the asserted danger is the shallowness of the water, a fact that is also readily apparent or discoverable upon casual inspection, without the need for special experience. *Id.* at 400. The Court emphasized that it is not necessary that the consuming public understand the *specific* risk of quadriplegic injury as opposed to the *general* danger of diving into shallow water, because the law does not impose a duty upon a manufacturer to warn of all conceivable ramifications of injuries that might occur from the use or foreseeable misuse of the product. *Id.* at 402.

Because the determination of the obvious nature of the danger is an objective one that focuses on the typical pool user, and because it is not necessary that the user understand the precise nature of every possible injury that might result from diving into an above-ground pool, we are unable to distinguish this case from *Glittenberg* on the basis of the victim's age.[1] We tend to agree with defendant Pool Town's comment that, if a child is

[1] Plaintiffs cite a recent decision of the Illinois Court of Appeals that distinguishes *Glittenberg* and holds that the question whether above-ground pool manufacturers and sellers have a duty toward a minor to warn of the risk of permanent neurological injury presented by their products is one of fact that is inappropriate for summary disposition. *Klen v Asahi Pool, Inc,* 268 Ill App 3d 1031; 643 NE2d 1360 (1995). However, because plaintiffs fail to provide any authority for the proposition that *Glittenberg* is not controlling and fully applicable to the facts of the present case, they have given us no reason to consult the case law of our sister state.

capable of understanding a warning, the danger-
ous condition would be obvious to the child, ren-
dering the warning unnecessary. Conversely, if the
condition is not obvious to the child, then a warn-
ing would likely be of little use.

This is a distressing case. Nevertheless, we must
conclude, as did our Supreme Court, that "neither
negligence nor product liability jurisprudence es-
tablishes the legal principle that every injury
warrants a legal remedy." *Id.* at 403.

Summary disposition was properly granted in
favor of defendants with respect to the duty-to-
warn claim.

Plaintiffs next contend that the court erred in
granting summary disposition of their design-de-
fect claim. However, they fail to cite any legal
authority in support of their assertion, beyond
acknowledging that this issue was not addressed in
*Glittenberg.* This Court will not search for author-
ity either to sustain or reject a party's position.
*Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d
388 (1959). Plaintiffs have effectively abandoned
this issue. *Id.*

Affirmed.