MALLARD v HOFFINGER INDUSTRIES, INC (ON REMAND)

Docket No. 194746. Submitted May 10, 1996, at Lansing. Decided March 4, 1997, at 9:15 A.M Leave to appeal sought.

Charles J. Mallard, for himself and as conservator of the estate of Charles E. Mallard, a minor, and Donna Mallard brought two negligence actions in the Wayne Circuit Court against Hoffinger Industries, Inc., and Pool Town Distributing, Inc., after the minor was paralyzed when he dove into an above-ground swimming pool and hit his head. The pool had been manufactured by Hoffinger and distributed by Pool Town. In one action the plaintiffs alleged that the defendants failed to satisfy a duty to warn of dangers associated with the pool, and in the other action the plaintiffs alleged defective design of the pool. The court, J. Phillip Jourdan, J., consolidated the actions and granted summary disposition for the defendants. The plaintiffs appealed. The Court of Appeals, CORRIGAN, P.J., and CAVANAGH and L. C. ROOT, JJ., affirmed, holding that an above-ground pool is a simple product whose manufacturer or seller has no duty to warn users, regardless of age, of potentially dangerous conditions or characteristics that are readily apparent or visible on casual inspection. The Court also found that the plaintiffs abandoned the claim regarding defective design by failing to cite supporting authority in their appeal. 210 Mich App 282 (1995). The Supreme Court, in lieu of granting leave to appeal, vacated in part the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for plenary consideration of the question whether the trial court erred in granting summary disposition with regard to the claim of defective design. 451 Mich 884 (1996).

On remand, the Court of Appeals *held*:

The manufacturer of a simple product is not required to design safety features to protect users from dangers that are obvious and inherent in the utility of the product. An above-ground pool is a simple product. The presence of a bottom is essential to the utility of the pool. The risk of harm from hitting the bottom when diving in shallow water is open and obvious. The defendants had no duty to design safety features to protect users from injuries sustained from striking the bottom of their pools. Summary disposition was properly granted with regard to the design defect claim.

Affirmed.

MARILYN KELLY, J., concurring, stated that the majority reached the correct result. The plaintiffs are correct in asserting that the trial court erred in relying on *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379 (1992), to dismiss the design defect claim. *Glittenberg* is inapplicable to the claim because its statements concerning design defect claims were dicta. However, the trial court's grant of summary disposition regarding the design defect claim was proper because in *Fisher v Johnson Milk Co, Inc*, 383 Mich 158 (1970), the Supreme Court held that, where simple tools are involved, there is no duty to warn or protect against open and obvious dangers. The Supreme Court should reexamine *Fisher* in the context of this case because even if a product is a simple one, a manufacturer should be held to a standard of reasonable care. The obviousness of the risk is only one factor that should be considered.

1. PRODUCTS LIABILITY — DUTY TO DESIGN SAFETY FEATURES — SIMPLE PRODUCTS.

    A manufacturer generally has a duty to design its product so as to eliminate any unreasonable risk of foreseeable injury; however, a manufacturer of a simple product is not required to design safety features to protect users from dangers that are obvious and inherent in the utility of the product.

2. PRODUCTS LIABILITY — ABOVE-GROUND POOLS — DUTY TO DESIGN SAFETY FEATURES.

    An above-ground swimming pool is a simple product; it is a large receptacle that holds water and, as such, the presence of a bottom is essential to the utility of the pool; the risk of harm from hitting the bottom when diving in shallow water is open and obvious; the manufacturers of such pools do not have a duty to design safety features to protect users from injuries sustained from striking the bottom of their pools.

*Ronald R. Gilbert, P.C.* (by *Ronald R. Gilbert*), and *Roth and Dean* (by *Sanford Roth*), for the plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *George W. Steel* and *Michael J. Guss*), for Hoffinger Industries, Inc.

*Vandeveer Garzia, P.C.* (by *Dennis B. Cotter* and *Hal O. Carroll*), for Pool Town Distributing, Inc.

ON REMAND


Before: CORRIGAN, P.J., and CAVANAGH and MARILYN
KELLY, JJ.

PER CURIAM. This case is before us for the second
time. The Supreme Court has remanded the case for
plenary consideration of whether the trial court erred
in granting summary disposition of plaintiffs' design
defect claim. 451 Mich 884 (1996). We affirm.

On August 15, 1990, plaintiff Charles Edward Mal-
lard dove headfirst into an above-ground swimming
pool and sustained injuries to his spinal cord that left
him a quadriplegic. At that time, he was thirteen years
and eleven months old. Plaintiffs filed lawsuits alleg-
ing failure to warn and defective design.[1] The trial
court granted defendants' motions for summary dis-
position pursuant to MCR 2.116(C)(8).[2] Plaintiffs
appealed, and, relying upon *Glittenberg v Doughboy
Recreational Industries (On Rehearing)*, 441 Mich
379; 491 NW2d 208 (1992), we held that an above-
ground pool is a simple product whose manufacturer
or seller has no duty to warn users, regardless of age,
of potentially dangerous conditions or characteristics
that are readily apparent or visible on casual inspec-
tion. *Mallard v Hoffinger Industries, Inc*, 210 Mich
App 282, 285-286; 533 NW2d 1 (1995). Pursuant to the
Supreme Court order of remand, we now address

---

[1] The procedural history of this case is more fully set out in our previ-
ous opinion. See *Mallard v Hoffinger Industries, Inc*, 210 Mich App 282;
533 NW2d 1 (1995).

[2] Although the basis for the trial court's grant of summary disposition is
not clear from the transcript of the motion hearing, the trial court later
wrote into the lower court record that it decided the summary disposition
motions pursuant to MCR 2.116(C)(8).

plaintiffs' claim that the trial court erred in granting summary disposition of the claim of defective design.

On appeal, an order granting or denying summary disposition is reviewed de novo. *Plieth v St Raymond Church*, 210 Mich App 568, 571; 534 NW2d 164 (1995). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. It should be granted only if the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Ladd v Ford Consumer Finance Co, Inc*, 217 Mich App 119, 125; 550 NW2d 826 (1996).

Plaintiffs assert that the pool was defectively designed because it did not have either a padded bottom or a slippery bottom liner. Plaintiffs contend that either of these modifications would have prevented, or at least reduced the severity of, the injury.

The Supreme Court has recognized that an above-ground pool is a simple product because no one can possibly mistake it for anything other than what it is, that is, a large container of water that sits on the ground. *Glittenberg, supra* at 399. In *Glittenberg*, the Court held that the manufacturer of a simple product has no duty to warn of the potentially dangerous conditions or characteristics of the product that are readily apparent or visible upon casual inspection. *Id.* at 385.

Plaintiffs argue that, in contrast to a failure to warn claim, the fact that a danger is open and obvious is irrelevant to a design defect claim. In their brief on remand, plaintiffs quote a number of passages from the Supreme Court's opinion in *Glittenberg* that they

assert are dispositive of the claim that the trial court erred in granting summary disposition.[3]

As a general rule, under Michigan law a manufacturer has a duty to design its product so as to eliminate any unreasonable risk of foreseeable injury. *Prentis v Yale Mfg Co*, 421 Mich 670, 693; 365 NW2d 176 (1984). However, the Supreme Court has provided an exception to this rule.

In *Fisher v Johnson Milk Co, Inc*, 383 Mich 158; 174 NW2d 752 (1970), the plaintiff slipped on ice and fell while carrying a wire carrier containing four bottles of milk. The impact of the plaintiff's fall caused the bottles to break, and he cut his hand on one of the fragments. *Id.* at 159-160. The plaintiff claimed the

---

[3] Plaintiffs quote the following passage from *Glittenberg*:

In the design defect context, obvious risks may unreasonably breach the duty to adopt a design that safely and feasibly guards against foreseeable misuse. Because the manufacturer's liability for choice of design is not determined solely by looking at the obvious nature of the alleged defect, obviousness of the danger does not preclude the possibility that an alternative design could reduce the risk of harm at a cost and in a manner that maintains the product's utility. [*Id.* at 394.]

The Court also stated:

It is one thing to say in a design defect case, even if a danger is open and obvious, that a manufacturer has a duty, if feasible, to adopt a design to minimize harm and that the manufacturer is at fault if it does not do so. It is quite another thing to say that a manufacturer has an obligation to warn of a simple product's potentially dangerous condition when the condition is readily apparent and its danger widely recognized. [*Id.* at 396-397.]

The Court further stated:

[D]esign defect analysis must not be used to evaluate failure to warn claims. When a design defect claim is examined, the obvious nature of the product-connected danger will not preclude a court from entertaining a plaintiff's claim that an alternative design could feasibly reduce the risk of injury. [*Id.* at 397.]

manufacturer of the carrier was negligent in failing to outfit the carrier with a false bottom or other device to protect the bottles from breaking. The Supreme Court, citing *Jamieson v Woodward & Lothrop*, 101 US App DC 32, 37; 247 F2d 23 (1957), the seminal case regarding simple tools, stated that "[t]here is no duty to warn *or protect against* dangers obvious to all." *Fisher, supra* at 160 (emphasis added). There was no hidden defect in the carrier. The defendant was not negligent in failing to supply a carrier of a different design because the construction of the wire carrier, and the possibility that bottles contained within it might break if the carrier were dropped, "was plain enough to be seen by anyone." *Id.* Accordingly, the Court held that the trial court properly granted the defendant's motion for summary disposition.

Subsequently, in *Owens v Allis-Chalmers Corp*, 414 Mich 413; 326 NW2d 372 (1982), the Supreme Court affirmed a directed verdict for a forklift manufacturer on the basis that the plaintiff had not proved that the absence of a seat belt presented an unreasonable risk of harm. However, the Court declined the defendant's invitation to hold that because the lack of a seat belt was open and obvious, the manufacturer could not be liable under *Fisher*. In discussing the issue, the Court said:

> Our Court of Appeals has essentially limited the language in our decision in *Fisher* by the fact that *Fisher* involved a simple product or tool. *We believe that such a limitation is proper.* [*Owens, supra* at 425 (emphasis added, citations omitted).]

Thus, the Court stated that a manufacturer of a simple product is not required to design safety features to protect users from dangers that are obvious and inherent in the utility of the product. This rule did not apply in *Owens*, however, because that case involved an alleged defect in a complex product, a forklift, rather than a simple product.

While we agree with plaintiffs that the Supreme Court's language in *Glittenberg* appears to suggest that the open and obvious nature of the danger will not preclude any design defect claims, we conclude that the Court was discussing general principles of design defect claims and not their applicability to simple products.[4] When discussing a manufacturer's liability for design defects in *Glittenberg*, the Supreme Court cited *Owens* for the proposition that obvious risks might unreasonably breach the duty to adopt a design that guards against foreseeable misuse without any indication that it disapproved of *Owens'* holding that the manufacturer has no duty to protect against known or obvious dangers associated with a

---

[4] To the extent that *Glittenberg* can be read to suggest that a plaintiff may bring forth a design defect claim based upon an open and obvious danger inherent in a simple product, we conclude that such language constitutes dicta. The issue presented in *Glittenberg* was the scope of the duty to warn, not the validity of a design defect claim. See *Glittenberg* at 394. Thus, *Fisher*, as limited by *Owens*, remains good law, and we are required to follow it. This Court does not have the power to overturn a decision of the Michigan Supreme Court. *Schwartz v Flint (After Remand)*, 120 Mich App 449, 462; 329 NW2d 26 (1982). "[I]t is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and until [that] Court takes such action, the Court of Appeals and all lower courts are bound by that authority." *Boyd v W G Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993).

simple product.[5] *Glittenberg, supra* at 394. Moreover, the Supreme Court specifically emphasized that *Glittenberg* "signal[ed] no retreat from *Owens.*" *Glittenberg, supra* at 396. Accordingly, we conclude that *Fisher*, as limited by *Owens*, remains viable.

Our conclusion that the Supreme Court did not intend to alter *Owens* is supported by the fact that in the *Glittenberg* opinion, the Court quoted the following passage from *Jamieson*:

> "[W]here a manufactured article is a simple thing of universally known characteristics, not a device with parts or mechanism, the only danger being not latent but obvious to any possible user, if the article does not break or go awry, but injury occurs through a mishap in normal use, the article reacting in its normal and foreseeable manner, the manufacturer is not liable for negligence." [*Glittenberg, supra* at 391, quoting *Jamieson, supra* at 37.]

---

[5] Justice BOYLE has argued that despite the *Owens* Court's approval of *Fisher*, its reasoning undermined the rule. See *Glittenberg v Doughboy Recreational Industries, Inc*, 436 Mich 673, 699-700; 462 NW2d 348 (1990). The *Owens* Court stated:

> As in *Fisher*, the obviousness of the risks that inhere in some simple tools or products is a factor contributing to the conclusion that such products are not unreasonably dangerous. The test, however, is not whether the risks are obvious, but whether the risks were unreasonable in light of the foreseeable injuries. [*Owens, supra* at 425.]

We believe, however, that any inconsistency is resolved by reading the above passage in light of the *Owens* Court's ratification of *Fisher* in the paragraph preceding the above passage. The Court apparently intended that obvious risks in a complex machine should be considered in the light of feasible alternatives. However, manufacturers are relieved of their duty of care if the risk is open and obvious and the product is a simple tool or product. Despite Justice BOYLE's disapproval, to date a majority of the Supreme Court has not overruled *Owens*.

An above-ground swimming pool is a simple product. *Glittenberg, supra* at 399. It is a large receptacle that holds water. As such, the presence of a bottom is essential to the utility of the pool. The risk of harm from hitting the bottom when diving in shallow water is open and obvious. *Id.* at 401. Therefore, we conclude that defendants had no duty to design safety features to protect users from injuries sustained from striking the bottom of their pools. Accordingly, we hold that the trial court properly granted defendants' motion for summary disposition of plaintiffs' design defect claim.

As we noted in our previous opinion, this is a distressing case. Nevertheless, neither negligence nor products liability jurisprudence establishes the legal principle that every injury warrants a legal remedy. *Glittenberg, supra* at 403. Moreover, the Supreme Court has repeatedly noted that manufacturers and sellers are not insurers, and they are not absolutely liable for any and all injuries sustained from the use of their products. *Id.* at 388, n 8; *Prentis, supra* at 683; *Owens, supra* at 432.

Affirmed.

MARILYN KELLY, J. *(concurring)*. I concur with the result reached by the majority opinion. Plaintiffs asserted that, because the above-ground pool did not have a slippery or padded bottom, the pool was defectively designed. The trial court granted defendants' motion for summary disposition based on *Glittenberg v Doughboy Recreational Industries (On Rehearing)*, 441 Mich 379; 491 NW2d 208 (1992). I

agree with plaintiffs that the trial court erred in relying on *Glittenberg* to dismiss the design defect claim.

*Glittenberg* did not address the issue of whether a manufacturer has a duty to design a safer product where the product is a simple tool. *Glittenberg* held only that the manufacturer of a simple product has no duty to warn of the dangerous conditions or characteristics that are readily apparent or visible upon casual inspection. *Id.* at 399. Even though *Glittenberg* differentiated design defect claims from failure to warn claims, its statements concerning design defect claims were dicta.[1] The only issue decided in *Glittenberg* was whether a manufacturer has a duty to warn of open and obvious dangers in cases of simple tools. Therefore, *Glittenberg* is inapplicable to plaintiff's design defect claim.

Regardless, the trial court properly granted summary disposition. The Supreme Court has held that, where simple tools are involved, there is no duty to warn or protect against open and obvious dangers. *Fisher v Johnson Milk Co, Inc*, 383 Mich 158; 174 NW2d 752 (1970). The above-ground pool in this case has been declared a simple tool. *Mallard v Hoffinger Industries, Inc*, 210 Mich App 282; 533 NW2d 1 (1995). Therefore, there is no duty to warn or protect against the obvious danger. *Fisher, supra.*

I write separately because I question the analysis in *Fisher*. Even where the product is a simple one, a manufacturer should be held to a standard of reasonable care. The obviousness of the risk is only one factor that should be considered. I believe that the

---

[1] I disagree with the majority's conclusion that the *Glittenberg* Court's discussion of design defect claims did not apply to simple tools.

Supreme Court should reexamine *Fisher* in the context of this case.