PETRASZEWSKY v KEETH (ON REMAND)

Docket No. 144362. Submitted April 21, 1993, at Detroit. Decided
September 20, 1993, at 9:25 A.M.

   Linda Petraszewsky brought an action in the 35th District Court
   against Don Keeth, also known as Don Keith, seeking damages
   for injuries sustained when she fell on steps leading to the
   front porch of an apartment building owned by the defendant
   while on her way to a companion's apartment in the building.
   Following a jury trial, she was awarded $125,000, diminished
   by fifteen percent for her comparative negligence. The court
   granted the defendant's motion for remittitur, reducing the
   verdict to $20,000, diminished by fifteen percent for the plain-
   tiff's comparative negligence. The Wayne Circuit Court, John R.
   Kirwan, J., denied the plaintiff's application for leave to appeal.
   The Court of Appeals, BRENNAN, P.J., and MAHER and WAHLS,
   JJ., vacated the order of the district court and remanded to the
   district court for reconsideration in light of *Palenkas v Beau-
   mont Hosp,* 432 Mich 527 (1989), finding that the district court
   had utilized an erroneous standard of review in granting remit-
   titur. *Petraszewsky v Keith,* unpublished order of the Court of
   Appeals, entered August 1, 1989 (Docket No. 117394). On
   remand, the district court entered an order granting a new
   trial on the ground that the jury had been instructed incor-
   rectly regarding the distinction in the duties owed to licensees
   and invitees. The court opined that the defendant owed the
   plaintiff, a social guest of a tenant, the same duty as owed by
   the tenant, that of a licensee. The court also held that a new
   trial was warranted because it had erred in excluding evidence
   of the plaintiff's habitual consumption of twelve beers a day.
   The plaintiff appealed, and the Wayne Circuit Court, John R.
   Kirwan, J., affirmed. The Court of Appeals, GILLIS, P.J., and
   SULLIVAN and BRENNAN, JJ., denied the plaintiff's application
   for leave to appeal, citing authority for the proposition that the

REFERENCES

Am Jur 2d, Evidence §§ 315-317; New Trial §§ 33-35, 39, 83, 84;
   Premises Liability §§ 16, 136.
Modern status of rules conditioning landowner's liability upon
   status of injured party as invitee, licensee, or trespasser. 22
   ALR4th 294.

plaintiff was merely a licensee of the tenant, and as such was owed only a limited duty of care. *Petraszewsky v Keith,* unpublished order of the Court of Appeals, entered October 26, 1990 (Docket No. 131701). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted, noting that the authority cited by the Court of Appeals did not appear responsive to the distinction that the plaintiff had drawn between her status as a licensee of the tenant and an invitee of the landlord with regard to the common areas of the building. *Petraszewsky v Keeth,* 438 Mich 851 (1991).

On remand, the Court of Appeals *held:*

1. A trial court will be found to have acted within its discretion in granting a new trial where the reasons assigned by the trial court are legally recognized and supported by any reasonable interpretation of the record.

2. The duties owed by a landlord to the social guests of a tenant are duties owed to invitees, not licensees. The trial court properly instructed the jury that the defendant owed the plaintiff the duties of an invitee. Therefore, a new trial could not have been awarded properly on the ground of improper instructions to the jury with regard to this issue.

3. The evidence regarding the plaintiff's habitual consumption of alcohol was admissible pursuant to MRE 406, was relevant, and, because it originated in the plaintiff's medical records, was not hearsay. The exclusion of the evidence was not harmless error. The district court did not err in granting a new trial on this basis, and the circuit court did not err in affirming the order granting a new trial.

Affirmed.

1. MOTIONS AND ORDERS — NEW TRIAL.

A trial court does not abuse its discretion in granting a new trial where the reasons assigned by the court for its determination are legally recognized and supported by any reasonable interpretation of the record.

2. LANDLORD AND TENANT — TENANT'S SOCIAL GUESTS — COMMON AREAS — INVITEES — DUTY.

The duties owed by a landlord to the social guests of a tenant with regard to the common areas of the property that are under the retained control of the landlord are the duties owed to invitees.

3. EVIDENCE — HABITS OF A PERSON.

Evidence of a habit of a person is relevant to prove that the

conduct of the person on a particular occasion was in conformity with the habit (MRE 406).

*Zeff & Zeff, P.C.* (by *A. Robert Zeff*) (*Donald M. Fulkerson,* of Counsel), for the plaintiff.

*Poling, McGaw & Poling, P.C.* (by *Richard B. Poling, Jr.*), for the defendant.

ON REMAND

Before: HOLBROOK, JR., P.J., and GRIBBS and SAWYER, JJ.

HOLBROOK, JR., P.J. At approximately 2:30 A.M. on February 6, 1983, plaintiff was on her way to socialize with her companion, Ed Pepper, at his flat in an apartment house owned by defendant Keeth. In order to reach the front porch, visitors to the apartment house had to ascend steps made out of railroad ties. Plaintiff slipped during the climb and sustained what she claims were serious injuries to the facial bones of the cheek and left eye, requiring three surgical procedures that, nonetheless, have left her with persistent double vision and consequent lost wages due to inability to resume industrial employment.

In a jury trial in the 35th District Court, plaintiff was awarded $125,000, diminished by fifteen percent for comparative negligence. Among the issues at trial were the extent of the duty that defendant landlord owed to plaintiff, and, in terms of comparative negligence, whether and to what extent plaintiff was intoxicated at the time of the accident. Plaintiff testified that she had consumed at least four or five beers in the evening hours preceding the climb up the stairs; Ed Pepper, in a deposition admitted into evidence at trial, testified

that he thought that plaintiff had been consuming mixed drinks, that she had consumed quite a few, and that she was loud, drunk, and stumbling around the bar where the drinking took place.

Also admitted into evidence were medical records from plaintiff's hospital admission, including a nurse's bedside notation reciting plaintiff's medical history statement that "she has not eaten for two days and drinks a lot (especially on weekends)." Excluded from evidence, however, were portions of the medical records in which plaintiff acknowledged that she normally consumed twelve beers a day.[1]

Initially, the district court granted defendant's motion for remittitur, reducing the verdict to $20,-000, diminished by fifteen percent for comparative negligence. Plaintiff's application for leave to appeal was denied by the Wayne Circuit Court, but, on appeal to this Court, the order of remittitur was vacated as having been based on an erroneous review standard, and the cause was remanded to the district court for reconsideration in light of *Palenkas v Beaumont Hosp,* 432 Mich 527; 443 NW2d 354 (1989). On remand, the district court concluded that remittitur was not appropriate, but that a new trial should be granted on the basis of an error in the jury instructions regarding the distinction in the duties owed licensees and invitees. The court opined that defendant landlord owed plaintiff, a social guest of a tenant, the same duty owed her by the tenant, that of a licensee.

---

[1] Our reading of the record indicates that the parties in the trial court intended to redact this reference from the medical records exhibit that was admitted into evidence. Through inadvertence, this material remained in the exhibit submitted to the jury. However, because of the trial court's ruling, defense counsel was not allowed to make an argument based on the reference in summarizing the defense position for the jury, and, of course, there is no reliable evidence regarding whether the jury noted the reference or what weight it might have given to it.

The court also gave an alternative reason for granting a new trial, its error in excluding the evidence of plaintiff's habitual consumption of a dozen beers daily, where plaintiff's intoxication was at the heart of defendant's comparative negligence argument. The Wayne Circuit Court affirmed, and this Court denied leave to appeal, citing *Bradford v Feeback,* 149 Mich App 67, 70-71; 385 NW2d 729 (1986), and 2 Restatement Torts, 2d, § 330, comment e (final sentence) and comment h(3), pp 174-175. The Supreme Court, in lieu of granting leave to appeal, remanded this case for our consideration as on leave granted, noting:

> The authority cited in support of the conclusion in the Court of Appeals denial order that the application for leave to appeal lacked merit does not appear responsive to the distinction plaintiff has consistently drawn between her acknowledged status as a licensee of the tenant, but as an invitee of the landlord regarding common areas of the premises over which the landlord retained control. [*Petraszewsky v Keeth,* 438 Mich 851; 472 NW2d 849 (1991).]

Our review of the trial court's order granting a new trial is extremely limited. As this Court first phrased the standard in *Benmark v Steffen,* 9 Mich App 416, 420; 157 NW2d 468 (1968), if the reasons assigned by the trial court for granting a new trial are legally recognized, and those reasons are supported by any reasonable interpretation of the record, the trial court has acted within its discretion. The Supreme Court has never expressly adopted that formulation of the standard, but acting on the assumption that the *Benmark* standard is appropriate, it has merely noted that, in such situations, the appellant bears the burden of presenting the reviewing court with a record that

allows proper review. *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230, 233; 247 NW2d 295 (1976). *Kailimai* is, of course, consistent with the principle that, generally, the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated. *Lemanski v Ford Motor Co,* 82 Mich App 244, 252; 266 NW2d 775 (1978).

Our first inquiry, therefore, must be whether the trial court erred in its instructions to the jury. No specific instruction was addressed in the trial court's written opinion, nor has our review of the record disclosed a specific focus for this issue. However, conceding that the trial court left the jury with the impression that defendant landlord owed the plaintiff, as a social guest of a tenant, the duty of an invitee, we now think it clear that such instruction was correct. In previously denying leave to appeal with regard to this issue, citing *Bradford v Feeback, supra,* and 2 Restatement Torts, 2d, § 330, comments e and h(3), we cited authority for the proposition that the plaintiff was merely a licensee of the tenant, her social invitor, and as such was owed only a limited duty of care. *Preston v Sleziak,* 383 Mich 442; 175 NW2d 759 (1970), discusses the different duties owed to licensees and invitees.

However, the duties owed by a landlord to the social guests of a tenant are duties owed to invitees, not licensees, as the Supreme Court made clear in *Quinlivan v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 257, n 10; 235 NW2d 732 (1975):

> The same standard of care is owed by the landlord to the tenant and his invitees as is owed by the proprietor and landowner to the business invi-

tee. *See* Prosser, Torts (3rd ed), § 63, pp 418, 419. Discussion of the duty owed a business invitee pertains with equal force to the duty owed a tenant and his invitees.

This distinction between the social guest's status as licensee with respect to the tenant but as business invitee with respect to the landlord is also recognized in 2 Restatement Torts, 2d, § 360, and explained in comment f, p 253:

> If the terms of the lease entitle the lessee to permit third persons to come upon the part of the land retained within the lessor's control, it is immaterial whether they come as invitees of the lessee or as his licensees. It is the lessor's business, as such, to afford his lessee facilities for receiving all persons whom he chooses to admit for any legitimate purpose. Therefore, a person who, as between himself and the lessee, is a licensee enters the land on a matter directly connected with the business of the lessor. He is, therefore, entitled to expect that the lessor will exercise reasonable care to discover and remedy any condition which makes his acceptance of the lessee's license dangerous to him.

Accord *Hiller v Harsh,* 100 Ill App 3d 332, 336-338; 55 Ill Dec 635; 426 NE2d 960 (1981); *Murray v Lane,* 51 Md App 597, 600-604; 444 A2d 1069 (1982); *Flott v Cates,* 528 NE2d 847 (Ind App, 1988); *Butler v Watson,* 193 Mich 322; 159 NW 507 (1916).

Accordingly, the trial court's instructions in this case regarding duty were correct. As a matter of law, the plaintiff was an invitee of the defendant landlord because she was injured in a common area of which he retained control. This accords with public policy considerations, which ought to encourage landlords to make common areas of

leaseholds safe for tenants and tenants' guests. *Bellikka v Green,* 306 Or 630, 644-645; 762 P2d 997 (1988). Because the instructions were not erroneous in this respect, a new trial could not properly be awarded on this basis. *Hoag v Hyzy,* 339 Mich 163; 63 NW2d 632 (1954).

The remaining issue concerns the trial court's ruling excluding from evidence information indicating plaintiff's alcohol consumption habits. We agree with defendant that this evidence qualifies for admission under MRE 406, and that it was relevant, because it tended to support the testimony of Mr. Pepper and contradict plaintiff's testimony concerning her level of intoxication at the time she slipped and fell on defendant's makeshift staircase. Because the information originated with plaintiff, it was not hearsay, MRE 801(d)(2)(A). The evidence was therefore admissible.

The question remains whether the failure to admit this evidence was prejudicial to defendant's right to a fair trial. It is suggested that the evidence was merely cumulative. Although this is to some extent true, the evidence also directly contradicted plaintiff's testimony concerning her alcohol consumption at the time in question. Because the evidence concerning plaintiff's intoxication essentially consisted of her exculpatory claims and Mr. Pepper's more damaging description of her consumption and behavior, we think the issue sufficiently closely drawn that exclusion of the additional relevant evidence that might well have swayed the balance more to defendant's favor was not a harmless error. The excluded evidence indicated plaintiff's general pattern of consuming twelve beers each day, contrasted with her assertion that she had had only four or five beers, and would tend to suggest that plaintiff habitually consumes alcoholic beverages generally in large

quantities. The jury might reasonably have concluded that plaintiff was telling the truth when she said that she had had only four or five beers on the night in question, but that Mr. Pepper was also being truthful when he asserted that plaintiff was drinking mixed drinks; the mixed drinks might have been seen by the jury to have been a substitute for beer in order to allow plaintiff to achieve the blood alcohol level she was accustomed to after drinking twelve beers.

We are constrained to note that, whatever might have been our appellate reaction had a new trial been denied and defendant had raised this issue by appealing the judgment entered on the verdict, we cannot say on this record that the trial court abused its discretion in granting a new trial on the basis of this issue. The reason given for granting a new trial, the exclusion of relevant, admissible evidence, is legally recognized, MCR 2.611(A)(1)(g), and the record provides more than arguable support for applying this legal principle. Accordingly, the trial court did not err in granting a new trial on this alternative basis.

The decision of the Wayne Circuit Court, affirming the order granting a new trial in the 35th District Court, is affirmed.

Affirmed.