# STATE OF MICHIGAN

# COURT OF APPEALS

DR. RICHARD PERRY,

      Plaintiff-Appellant,

UNPUBLISHED
March 12, 2015

v

PORTAGE PUBLIC SCHOOLS BOARD OF
EDUCATION,

      Defendant-Appellee.

No. 319170
Kalamazoo Circuit Court
LC No. 2013-000313-CZ

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

In this employment dispute, plaintiff appeals as of right the trial court's order denying plaintiff's motion to vacate the arbitration award. Because plaintiff is not entitled to have the arbitrator's award set aside under MCR 3.602(J)(2), we affirm.

Plaintiff resigned under protest as superintendent of Portage Schools after defendant learned of a sexual relationship between plaintiff and Patricia Koeze, the human resources director of Portage Schools, whom plaintiff had hired. Plaintiff commenced arbitration pursuant to a provision in his employment contract permitting plaintiff to resolve termination disputes by filing for arbitration with the American Arbitration Association (AAA). The issue presented to the arbitrator was whether plaintiff had breached his employment contract with defendant. In preparation for arbitration, defendant hired William Kowalski of Rehmann Corporate Investigative Services to prepare an investigative report. To prepare this report, Kowalski interviewed 16 people, many of whom were employees of defendant.

In a March 28, 2013 letter to defendant, plaintiff asked defendant for permission to contact those people who were current employees of defendant. In an April 29, 2013 letter to the arbitrator, plaintiff stated that defendant failed to respond to plaintiff's discovery request in plaintiff's March 28, 2013 letter, and plaintiff asked the arbitrator to compel discovery from defendant. In a May 1, 2013 letter to plaintiff, defendant denied plaintiff permission to contact defendant's employees, citing MRPC 4.2. In a May 20, 2013 letter from plaintiff to the arbitrator, plaintiff stated that during discovery he requested from defendant a copy of Kowalski's report, but defendant refused to provide a copy. Plaintiff asked the arbitrator to consider this May 20, 2013 letter to be a motion in limine and argued that because defendant refused to provide plaintiff with a copy of the report, Kowalski should not be allowed to testify at

-1-

arbitration. Furthermore, because defendant denied plaintiff's request to contact defendant's employees, plaintiff asked the arbitrator for an adverse inference against defendant regarding defendant's history of tolerating sexual relationships at the workplace.

The arbitrator denied plaintiff's motion to compel, his motion in limine, and his request for an adverse inference. Ultimately, the arbitrator found that, for various reasons, plaintiff breached the employment contract between plaintiff and defendant.

Plaintiff then filed a complaint with the trial court asking it to vacate the arbitration award pursuant to MCR 3.602(J), and later moved the trial court to vacate the arbitration award. Plaintiff argued that defendant prevented plaintiff from obtaining a copy of Kowalski's report by asserting a privilege, yet waived this privilege at the last minute when Kowalski testified at the arbitration hearing; therefore, the arbitrator should have granted plaintiff's motion in limine and prevented Kowalski from testifying. Additionally, plaintiff argued that the arbitrator denied plaintiff a fair hearing by failing to grant plaintiff's motion to compel and request for an adverse inference. The trial court denied plaintiff's motion to vacate the arbitration award. Plaintiff now appeals as of right.

On appeal, consistent with his arguments in the trial court, plaintiff identifies two decisions of the arbitrator which plaintiff maintains violated controlling principles of law and resulted in substantial prejudice to plaintiff. First, plaintiff argues that Kowalski should not have been permitted to testify at the arbitration hearing. In plaintiff's view, because defendant asserted privilege before the hearing to prevent plaintiff from obtaining a copy of Kowalski's report, it was a violation of due process to allow defendant to then withdraw this privilege at the last possible moment so that Kowalski might testify at the arbitration hearing. Related to Kowalski's testimony, plaintiff also alleges that the trial court impermissibly allowed him to testify as an expert regarding the truthfulness of individuals with whom Kowalski spoke when preparing his report. Second, plaintiff argues that defendant impermissibly prevented him from interviewing numerous employees. Related to these individuals, plaintiff maintains that the arbitrator erred by denying his request to compel discovery and that he was entitled to an adverse inference regarding what information these individuals might have provided in relation to defendant's past tolerance of sexual relationships between employees.

We review a trial court's decision to vacate or enforce an arbitration award de novo, meaning that we review "the legal issues presented without extending any deference to the trial court." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). However, we must remember that "[j]udicial review of an arbitrator's decision is narrowly circumscribed." *Ann Arbor v American Federation of State, Co, and Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). A court cannot review an arbitrator's findings of fact or decision on the merits. *Id.* "Nor may a court substitute its judgment for that of the arbitrator." *Id.* Instead, under MCR 3.602(J)(2), a court shall vacate an arbitration award if:

(a) the award was procured by corruption, fraud, or other undue means;

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

For purposes of this rule, "[a]rbitrators exceed their power when they 'act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law.' " *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004) (citation omitted). "In order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different." *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010). Any error of law must be discernible on the face of the award. *Washington*, 283 Mich App at 672. Moreover, "[t]here is no requirement that a verbatim record be made of private arbitration proceedings, there are no formal requirements of procedure and practice beyond those assuring impartiality, and no findings of fact or conclusions of law are required." *Saveski*, 261 Mich App at 555. Indeed, within the bounds of the law, parties may tailor the arbitration's scope and procedure "in a way that best suits them." *Id.* at 557.

In regard to the arbitrator's authority in this case, the arbitration was conducted pursuant to a provision in plaintiff's employment contract which permitted the parties to resolve termination disputes through arbitration with the AAA. There is no dispute that the arbitration was conducted under the AAA's Employment Arbitration Rules and Mediation Procedures ("Arbitration Rules"). Therefore, to determine whether the arbitrator exceeded his powers, we first look to whether the arbitrator's decisions were in accord with his authority under the Arbitration Rules. Cf. *Saveski*, 261 Mich App at 557.

Considering first plaintiff's assertion that the arbitrator violated plaintiff's due process rights by permitting Kowalski's testimony, we conclude that the arbitrator acted within his authority when he denied plaintiff's motion in limine and that this decision by the arbitrator does not entitle plaintiff to relief under MCR 3.602(J)(2). In particular, with regard to the admission of evidence, Arbitration Rule 30 states in relevant part as follows:

> The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. . . .

Clearly, under this provision, the arbitrator was not bound by any legal rules of evidence, but rather had the authority to admit Kowalski's testimony based on the arbitrator's own assessment of relevance and materiality. The arbitrator's award does not discuss Kowalski's testimony, nor does it detail the reasons for the admission of this testimony, meaning we can discern no basis on the face of the award for concluding the admission of Kowalski's testimony was improper or that its admission prejudiced plaintiff. See *DAIIE v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982).

In nonetheless asserting that the arbitrator improperly admitted Kowalski's testimony, plaintiff relies heavily on *Domako v Rowe*, 438 Mich 347, 356; 475 NW2d 30 (1991), wherein the Court explained:

> [I]t is patently unfair for a party to assert a privilege during pretrial proceedings, frustrate rightful discovery by the other party, and then voluntarily waive that privilege at trial, thereby catching the opposing party unprepared, surprised, and at an extreme disadvantage. Thus the rule requires that a party choose between the existing privilege and the desired testimony. The party may not have both. [*Id.*, quoting 2 Martin, Dean & Webster, Mich Court Rules Practice, p 168.]

Based on *Domako*, plaintiff specifically argues the arbitrator violated due process by allowing Kowalski to testify when defendant asserted privilege to prevent plaintiff from obtaining a copy of Kowalski's report before the arbitration hearing.

Contrary to plaintiff's arguments on appeal, the arbitrator's admission of Kowalski's testimony did not violate the principles discussed in *Domako* and thus the arbitrator's decision to admit this testimony does not constitute a substantial violation of law. In particular, the lower court record indicates that defendant did not in fact assert a privilege to prevent plaintiff from obtaining a copy of Kowalski's report before the arbitration hearing. Rather, when plaintiff asked defendant for a copy of the report, defendant informed plaintiff that plaintiff could have a copy, but that in giving plaintiff a copy defendant would waive any privileges protecting the report, thus rendering the report vulnerable to public scrutiny pursuant to the Freedom of Information Act. Plaintiff's counsel conceded in the trial court that defense counsel extended this offer to plaintiff before the arbitration. There is, in short, no evidence that defendant actually refused to provide plaintiff with a copy of the report. Furthermore, unlike the scenario described in *Domako*, Kowalski's testimony cannot have come as a surprise because plaintiff knew Kowalski had investigated the matter. Indeed, defendant included Kowalski on its witness list before the arbitration hearing and defendant made no effort to prevent plaintiff from deposing Kowalski. Yet, despite notice that defendant intended to present Kowalski's testimony, plaintiff did not depose Kowalski and he waited until the day before the arbitration hearing to seek the exclusion of his testimony. Ultimately, given that defendant was willing to make the report available to plaintiff, there is no support for the factual predicate for plaintiff's position, see *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993), and, plaintiff has not shown the admission of Kowalski's testimony violated his due process rights or otherwise deprived him of a fair hearing. Instead, as discussed, the arbitrator was not bound by the rules of evidence, and he had the authority to admit Kowalski's testimony under Arbitration Rule 30. We see no basis for vacating the arbitrator's decision under MCR 3.602(J)(2).

Similarly, there is no support in the record for plaintiff's assertion that the arbitrator impermissibly qualified Kowalski as an expert. Quite simply, there is nothing in the record before us to support the fact on which plaintiff's argument is predicated—namely, that the arbitrator qualified Kowalski as an expert witness. See *Petraszewsky*, 201 Mich App at 540. The arbitrator's award makes no reference to Kowalski's testimony or to his supposed qualification as an expert. See *DAIIE*, 416 Mich at 429. Consequently, on the face of the award, we again see no basis for vacating the arbitrator's decision based on the admission of Kowalski's testimony.

-4-

Turning to the issue of the discovery permitted before arbitration, and particularly plaintiff's desire to interview defendant's employees, we conclude that the arbitrator acted within his authority when he denied plaintiff's discovery requests and this decision did not deprive plaintiff of a fair arbitration hearing. Consequently, we conclude that plaintiff is not entitled to have the arbitrator's award vacated under MCR 3.603(J)(2). Specifically, with regard to discovery during the arbitration, in relevant part, Arbitration Rule 9 states as follows: "The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration." This rule clearly gave the arbitrator discretionary authority to order discovery as he considered "necessary," and certainly nothing in the Arbitration Rules required the arbitrator to grant plaintiff's request for interviews with defendant's employees. Consequently, the arbitrator acted well within his authority by denying plaintiff's motion to compel.

Insofar as plaintiff specifically argues on appeal that the arbitrator could not deny his discovery request based on defendant's reliance on MRPC 4.2, we note that the arbitrator did not detail his reasons for denying plaintiff's motion to compel, nor was he required to do so. See *DAIIE*, 416 Mich at 429. Thus, even supposing that defendant could not rely on MPRC 4.2 as a basis to refuse plaintiff's request for interviews,[1] absent impermissible speculation regarding the arbitrator's reasoning, there is no basis on the face of the award for us to conclude that the arbitrator denied plaintiff's request in contravention of controlling principles of law or otherwise acted outside of his authority. See *DAIIE*, 416 Mich at 429. Instead, on the record presented, it appears that the arbitrator acted well within his authority by allowing such discovery as he viewed "necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration."

Likewise, we see no error of law in the arbitrator's refusal to grant plaintiff's request for an adverse inference relating to information the witnesses might have provided about defendant's past tolerance of sexual relationships between employees. Rather, Arbitration Rule 30 states that evidence in the arbitration need not conform to the legal rules of evidence and that the arbitrator has discretion to direct the order of proofs and to focus the parties' presentation on dispositive issues. Nothing in the Arbitration Rules mandates an adverse inference in the circumstances presented in this case, and the arbitrator was well within his authority to deny such a request.

---

[1] Plaintiff did not seek to formally depose the witnesses in question; rather, it appears that plaintiff merely sought ex parte interviews with these witnesses. MRPC 4.2 states provides that, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Comments to the rule indicate that, in cases involving an organization, the rule extends to employees "whose statement may constitute an admission on the part of the organization." See MRPC 4.2, comments.

Finally, we note as well that, even if the arbitrator made an error of law, or otherwise exceeded his authority, regarding plaintiff's motion to compel, his request for an adverse inference, or his motion in limine relating to Kowalski's testimony, plaintiff would nonetheless not be entitled to relief because, on the face of the arbitration award, there is no indication that any such error led the arbitrator to a wrong conclusion and that, but for this error, a substantially different award would have been made. See *Saveski*, 261 Mich App at 555; *Cipriano*, 289 Mich App at 368. In short, contrary to plaintiff's arguments on appeal, his rights were not substantially prejudiced and he is not entitled to relief from the arbitrator's award.

Affirmed. Having prevailed in full, defendant may tax costs pursuant to MCR 7.219.


/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra