*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARIANA ROSALIE OMAITS,

        Petitioner-Appellee,

v

RYAN ANDREW ZERBE,

        Respondent-Appellant.

UNPUBLISHED
March 10, 2022

No. 357995
Genesee Circuit Court
Family Division
LC No. 13-906558-DP

Before: REDFORD, P.J., and SAWYER and MURRAY, JJ.

PER CURIAM.

Respondent, Ryan Andrew Zerbe, appeals by right the trial court's order granting the motion of petitioner, Ariana Rosalie Omaits, under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*., and transferring jurisdiction of the custody case regarding the parties' child to the state of Georgia. We affirm.

## I. FACTUAL BACKGROUND

The initial custody order in this case involved a 2013 paternity complaint. Respondent last saw the child in September 2016 and was incarcerated in November 2016. In January 2017, petitioner and the child moved to Georgia. In March 2021, respondent was released on parole. Petitioner filed a case in Georgia seeking child support, and respondent sought in Michigan to change the child's custody. Petitioner moved to dismiss the Michigan case for lack of jurisdiction, asserting that Georgia had exclusive jurisdiction under the UCCJEA.

The trial court ultimately determined that, while it had exclusive, continuing jurisdiction over the child because it had issued the initial custody order, it was appropriate to no longer exercise exclusive jurisdiction because neither the child nor petitioner lived in Michigan and the child no longer had significant connections with Michigan. In the alternative, the court held that Michigan was not a convenient forum. The court transferred the child's case to Georgia.

-1-

## II. STANDARDS OF REVIEW

This Court reviews de novo questions of law concerning whether the trial court has jurisdiction under UCCJEA. *Cheeseman v Williams*, 311 Mich App 147, 150; 874 NW2d 385 (2015). This Court reviews the trial court's decision regarding whether to exercise jurisdiction under the UCCJEA for an abuse of discretion. *Id*. The court has not abused its discretion if its decision is within the range of principled outcomes. *Id*. Generally, this Court reviews a court's factual findings in a custody case to determine whether those findings were against the great weight of the evidence. *Foskett v Foskett*, 247 Mich App 1, 5; 634 NW2d 363 (2001). A finding is against the great weight of the evidence when the evidence clearly preponderates against it. *Id*.

## III. ANALYSIS

MCL 722.1202(1) provides that the trial court that has previously made a custody decision may no longer have exclusive, continuing jurisdiction under certain circumstances:

> Except as otherwise provided in [MCL 722.1204[1]], a court of this state that has made a child-custody determination consistent with [MCL 722.1201 or MCL 722.1203] has exclusive, continuing jurisdiction over the child-custody determination until either of the following occurs:
>
> (a) A court of this state determines that neither the child, nor the child and 1 parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.
>
> (b) A court of this state or a court of another state determines that neither the child, nor a parent of the child, nor a person acting as the child's parent presently resides in this state.
>
> (2) A court of this state that has exclusive, continuing jurisdiction under this section may decline to exercise its jurisdiction if the court determines that it is an inconvenient forum under [MCL 722.1207].

As an initial matter, respondent argues that the trial court erred by deciding this issue without a hearing. We conclude that the trial court was not required to hold an evidentiary hearing to decide this preliminary legal issue.

The trial court must conduct an evidentiary hearing before modifying a child's custody, even on a temporary basis. *Grew v Knox*, 265 Mich App 333, 336; 694 NW2d 772 (2005). However, the trial court need not hold an evidentiary hearing before deciding a threshold legal issue, even if that issue is fact-intensive. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). In this case, the trial court's decision regarding whether to exercise continuing

---

[1] MCL 722.1204 concerns temporary emergency jurisdiction.

exclusive jurisdiction was a threshold legal issue, and we conclude that it was not required to hold an evidentiary hearing before deciding petitioner's motion.

Next, respondent argues that the trial court erred by failing to find that Michigan was the child's home state because she lived in Michigan for six months before the initial action was filed and because the Georgia court did not have jurisdiction when petitioner filed her case in Georgia. "It is settled that error requiring reversal may only be predicated on the trial court's actions . . . ." See *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). In this case, respondent's argument that Michigan maintained jurisdiction is correct, but the trial court did not find to the contrary. The court did not err.

Respondent argues that, because he still resides in Michigan, the trial court could not have determined that it no longer had exclusive jurisdiction over the case. Respondent's argument lacks merit because it addresses MCL 722.1202(1)(b), which is separate from the subdivision on which the trial court relied. It is not disputed that respondent continues to reside in Michigan, which would be sufficient for the trial court to exercise continuing jurisdiction under MCL 722.1202(1)(b). However, MCL 722.1202 contains two alternative subdivisions under which the court may decline to exercise continuing jurisdiction. The trial court relied on MCL 722.1202(1)(a), under which the court may decline to exercise exclusive, continuing jurisdiction if it finds that neither the child, nor the child and one parent, nor the child and one person acting as a parent have a significant connection with Michigan and substantial evidence is no longer available in Michigan concerning the child's care, protection, training, and personal relationships. Consistent with this subdivision, the court determined that petitioner and the child no longer had a connection to Michigan, and that substantial evidence was no longer available in Michigan concerning the child's care, protection, and relationships. The trial court did not err by applying one of the two alternative bases from which it could determine that it no longer had exclusive, continuing jurisdiction.

Next, respondent argues that the trial court erred by finding that the child no longer had a significant connection with Michigan. We conclude that the court's finding was not against the great weight of the evidence.

A parent's continued presence in Michigan is relevant to whether a child has a significant connection with Michigan. *Guardalupe Hernandez v Mayoral-Martinez*, 329 Mich App 206, 212; 942 NW2d 80 (2019). However, evidence of the child's current care and well-being, as well as evidence that the child speaks with the parent and the parent's financial support of the child, are relevant to the determination whether there is a significant connection between the child and the parent. See *id*. at 213. Additional evidence regarding the parents' fitness and ability to care for the child are part of the evidence that would allow the court to determine a child's custody. *Id*.

Considering respondent's admissions in this case, we are not convinced that its outcome fell outside the range of reasonable outcomes. Respondent stated that petitioner has refused to allow respondent to contact the child. He had limited contact with the child by sending gifts or speaking with her on the phone. According to petitioner, the child had lived in Georgia since February 2017 and attended school in Georgia, and petitioner and the child's maternal grandmother lived in Georgia. Respondent did not provide contrary evidence relevant to the

-3-

child's circumstances in 2021.[2]  There is no indication that the court failed to consider relevant evidence.

The evidence did not clearly preponderate against the court's finding that the child no longer had a significant connection with Michigan.  Petitioner provided evidence that the child did not have significant connections with Michigan in 2021, and respondent provided no other evidence of connection than that he resided in Michigan.  While respondent's residence was relevant to the child's connections with Michigan, standing alone, it did not establish that any evidence related to parental fitness or an ability to care for the child was present in Michigan.  In contrast, petitioner established that evidence related to the child's care was present in Georgia.

Respondent next argues that the trial court erred when it determined in the alternative that Michigan was no longer a convenient forum.  We disagree.

Even if a court has jurisdiction, it may "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. . . ."  MCL 722.1207(1).  When determining the convenience of the forum, the court considers:

> (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.
>
> (b) The length of time the child has resided outside this state.
>
> (c) The distance between the court in this state and the court in the state that would assume jurisdiction.
>
> (d) The parties' relative financial circumstances.
>
> (e) An agreement by the parties as to which state should assume jurisdiction.
>
> (f) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.
>
> (g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.
>
> (h) The familiarity of the court of each state with the facts and issues of the pending litigation.  [MCL 722.1207(2).]

If Michigan is no longer a convenient forum, the trial court may stay child-custody proceedings until they are commenced in another state.  MCL 722.1207(3).

---

[2] Respondent's evidence related to the parties' parenting agreement and circumstances in 2016, well before the time period at issue in this case.

To the extent that respondent argues that the idea that a forum may be inconvenient is not consistent with currently available technologies, we reject this public policy argument. As a general rule, the Legislature makes public policy, not the courts. *Terrien v Zwit*, 467 Mich 56, 67; 648 NW2d 602 (2002). MCL 722.1207 allows a court to decline to exercise jurisdiction if it finds that a forum is inconvenient, and adopting respondent's argument that this statutory section is unnecessary would result in this Court setting public policy when it is not the province of this Court to do so. Regardless, there is no reason why a court cannot consider the existence of remote technology when considering factors related to the inconvenience of the forum, such as when it considers the distance between courts and the nature and location of the evidence.

Respondent also argues that he did not have the opportunity to address the convenience of the forum before the trial court. "[G]enerally, the appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated." *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993). In this case, in petitioner's motion to dismiss the case for lack of jurisdiction, she argued that Michigan was an inconvenient forum for a variety of reasons. The record does not support respondent's argument that he did not have an opportunity to respond to this issue.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Christopher M. Murray