*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LORETTA SMITH,

       Plaintiff-Appellant,

v

EMPIRE PROPERTY INVESTMENTS, INC.,
EMPIRE PROPERTY INVESTMENTS, LLC, NEW
CENTURY, LLC, and ELEGANT HOMES
REALITY, INC.,

       Defendants,

and

NAWAL YOUSSEF,

       Defendant-Appellee.

UNPUBLISHED
August 10, 2023

No. 361468
Wayne Circuit Court
LC No. 20-015722-NO

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Plaintiff, Loretta Smith, appeals as of right the trial court order granting summary disposition in favor of defendant, Nawal Youssef, under MCR 2.116(C)(10) in this premises liability action.[1] We affirm.

Plaintiff's daughter, Jessica Smith, moved into a house in Detroit as a tenant after a home inspection was completed on January 30, 2018. Defendant purchased the home in March 2018, and in reliance on the January 2018 inspection, defendant did not have another home inspection completed before taking ownership. Jessica continued to live in the home after defendant's purchase, and on April 30, 2018, plaintiff was visiting the home when she took a phone call on the

---

[1] Defendants Empire Property Investments, Inc., Empire Property Investments, LLC, New Century, LLC, and Elegant Homes Reality, Inc., were dismissed in the lower court and are not subject to this appeal.

back porch. It was dark outside, and plaintiff did not see a hole in the cement porch until she fell into it. Plaintiff had to have surgery on her left ankle that involved permanent hardware. The following photographs of the porch were provided in the lower court record:



Plaintiff filed this action seeking recovery under premises liability. Subsequently, the trial court granted defendant's motion for summary disposition, agreeing with her argument that she did not have actual or constructive notice of the hole in the back porch. The trial court declined to address defendant's open and obvious argument,[2] but stated in its order "that Defendant's open and obvious argument is moot given that the Dispositive Motion is granted for lack of notice." Plaintiff now appeals.

We review "de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). Our review is limited to the evidence that had been presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). In this case, the trial court did not indicate whether it granted defendant's motion under MCR 2.116(C)(8) or (10), but the trial court considered documentary evidence beyond the pleadings; therefore, we review the decision as

---

[2] The trial court stated from the bench that it would "stay the matter of the open and obvious, that issue, until the Supreme Court makes its ruling." The open and obvious doctrine is currently pending before the Supreme Court in *Kandil-Elsayed v F&E Oil, Inc*, 509 Mich 857; 969 NW2d 69 (2022), and *Pinsky v Kroger Co of Mich*, 509 Mich 954; 972 NW2d 256 (2022).

having been granted under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(G)(4) states:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

In reviewing a motion brought under MCR 2.116(C)(10), we "review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington*, 298 Mich App at 270. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Id*. at 270-271 (quotation marks and citation omitted).

The duty a landowner owes to those entering his or her land depends on the status of the visitor, and "Michigan has recognized three common-law categories for persons who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3) invitee." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). "[T]he duties owed by a landlord to the social guests of a tenant are duties owed to invitees, not licensees. . . ." *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993). In this case, plaintiff was a social guest of defendant's tenant; therefore, she was an invitee.

"In order to successfully advance [a premises-liability] claim, an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*. (quotation marks and citation omitted).

In *Lowrey*, *id*. at 9, the Michigan Supreme Court clarified that "to establish a claim of premises liability, the plaintiff must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue." (Quotation marks, citation, and alteration omitted.) Constructive notice exists when "an unsafe condition caused by the active negligence of [the defendant]" exists, or there is evidence that "the unsafe condition, otherwise caused, is known to [the defendant] or is of such a character or has existed a sufficient length of time that he should have knowledge of it." *Id*. at 10 (quotation marks and citation omitted). If the plaintiff fails "to proffer evidence sufficient to demonstrate a question of fact regarding defendant's actual

or constructive notice of the hazardous condition," then the defendant is entitled to summary disposition. *Id*. at 11.

As an initial matter, plaintiff argues that summary disposition was premature because defendant was not deposed and her deposition testimony may have uncovered that she had actual notice. However, "a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. The party opposing summary disposition must offer the required MCR 2.116(H) affidavits, with the probable testimony to support its contentions." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292-293; 769 NW2d 234 (2009) (citations omitted). Plaintiff did not offer any affidavits that showed that further discovery would have revealed evidence that defendant had notice of the state of the back porch, and there is no record of plaintiff moving to compel defendant's deposition. The only time that defendant's lack of testimony was discussed was in plaintiff's response to defendant's motion for summary disposition in which plaintiff acknowledged that defendant was out of the country and unavailable for a deposition. Therefore, plaintiff's argument that summary disposition was premature lacks merit. See *id*.

Next, plaintiff argues that defendant had constructive notice of the defect through her agent, Khadige Chahine. According to Jessica, Chahine had been in the backyard one time with snow on the ground and one time without snow. Relying on this testimony and photographs of the back porch, plaintiff asserts that the size and plain visibility of the hole in the porch would have given Chahine notice of its existence.

In *Lowrey*, 500 Mich at 12-13, the Michigan Supreme Court reinstated the trial court's order granting summary disposition in favor of the defendant because the plaintiff failed to show the defendant's knowledge of the hazardous condition—water on the stairway in a bar. The Court reasoned:

> Plaintiff likewise failed to present any evidence of constructive notice, i.e., that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it. Plaintiff and her friends traversed the stairs several times during the evening without incident, evidence which would tend to support the conclusion that the hazardous condition that caused plaintiff's fall had not been present on the steps for the entirety of the evening. Nor did plaintiff present any evidence as to when the condition arose. *Goldsmith v Cody*, 351 Mich 380, 389; 88 NW2d 268 (1958) (granting summary disposition in favor of the defendant because "[t]he missing link in [the] plaintiff's case [was] any proof as to when the [hazardous condition arose]"). Finally, plaintiff presented no evidence that the hazardous condition in this case was of such a character that the defendant should have had notice of it. [*Id*. at 11-12.]

In *Goldsmith*, 351 Mich 384, the hazardous condition involved a stairway that ordinarily had a wooden barricade built around it, but on the date in question, and at least two other times before that date, the wooden barricade was missing.

In this case, defendant argues that because there was no proof as to when the hole in the back porch arose, it should be analyzed as analogous to *Lowrey* and *Goldsmith*. We agree. Defendant had no reason to suspect that there was a defect with the porch. According to the home inspection that occurred on January 30, 2018, the condition of the home's exterior foundation, porches, and surfaces passed inspection. Chahine testified that neither she nor defendant saw the back of the property before defendant's purchase. Defendant purchased the property in March 2018, and in reliance on the January 2018 inspection, defendant did not have another home inspection completed before taking ownership. Additionally, the first time that Jessica noticed the hole was on April 30, 2018, when plaintiff fell into it, and Jessica never reported any structural issues with the house, including a hole in the back porch, while she lived there. Jessica testified that Chahine went into the backyard once when there was snow on the ground, and another time in April 2018, when there was no snow, but Jessica was not present when Chahine went into the backyard. Chahine testified that she looked at the backyard in February 2018, when it was covered in snow, but the other time she visited the property she stayed on the front porch.

Thus, defendant identified the issue to which there was no genuine issue of material fact—actual or constructive notice—and the burden shifted to plaintiff to prove by affidavit or otherwise that a genuine issue of fact did exist. MCR 2.116(G)(4). Plaintiff failed to meet her burden. Plaintiff relies on Jessica's testimony and the photographs of the porch to argue that a jury could infer that the hole in the porch existed long enough that defendant should have known of its condition. See *Lowry*, 500 Mich at 11-12. Plaintiff presented no evidence as to when the condition in the porch arose or how long the hole was present, and it is impossible to decipher from the evidence presented. It is impossible to know whether the hole in the porch occurred suddenly or over time. Plaintiff presented no expert testimony on cement deterioration or damage. Without such evidence, we are left with mere speculation. "[A] party opposing a motion for summary disposition must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017) (quotation marks and citation omitted). Therefore, because there is no genuine issue of material fact that defendant lacked actual or constructive notice of the condition on the porch, summary disposition in defendant's favor was proper.[3]

Affirmed.

/s/ Kathleen Jansen
/s/ Noah P. Hood

---

[3] Based on this conclusion, we need not discuss plaintiff's contention that if this case went to trial, she would be entitled to an adverse inference instruction based on the lack of defendant's deposition testimony.